PER CURIAM.
This is an appeal by the defendant from; a judgment of $20,000 entered in favor of the plaintiff pursuant to the jury’s verdict in a negligence action.
Inasmuch as one of the errors assigned is the failure of the trial court to-direct a verdict for the defendant, we must, consider the plaintiff’s version of the facts.[1] These facts, as outlined in the appellee’s brief are as follows:
“On November 19, 1961, plaintiff was a stable groom, living at Tropical Park, and caring for a sick horse. After caring for his horse, eating supper and drinking three beers at a nearby bar, plaintiff started walking back *82 to Tropical to water the sick horse. He was struck by defendant’s car as he was walking south across Bird Road at the entrance to Tropical Park.
“The accident happened shortly before 1:00 o’clock at night. Defendant’s seventeen year old son was headed east on Bird Road and was driving in the lane nearest the center line. Plaintiff had crossed the North half of the road and stood at the center line to allow a car to pass; he then crossed the line the defendant’s car was in; and was hit when defendant’s car changed lanes and struck him just before he reached safety.”
We have considered the several contentions made by the appellant and have determined they are without merit. It is our conclusion that the evidence adduced warranted a charge on the doctrine of “Last Clear Chance”, and that no error was committed in so charging the jury.[2] The trial judge was eminently correct in denying defendant’s motion for directed verdict. The basic factual issue requiring submission to the jury was whether the defendant changed lanes resulting in plaintiff’s injury or whether plaintiff ran into the front of defendant’s car. Such an issue is properly reserved for determination by the jury, not by the trial judge.[3]
This is the second time this cause has been tried. The first trial ended in a mistrial when the jury failed to agree upon a verdict. The second trial resulted in the judgment upon which this appeal is based.
Appellant submits for our consideration a contention that the trial judge erred in failing to direct a verdict at the conclusion of the first trial. Appellee counters by asserting that the question of the judge’s failure to direct a verdict at the first trial may not be raised on appeal from the judgment subsequent to the new trial. Since we have ruled herein that the court properly denied defendant’s motion for directed verdict in the second trial, and it is undisputed that the same evidence was presented on the first trial, there is no need for us to decide whether on this appeal we may review the claimed error on the earlier trial.
Accordingly, the judgment appealed from is affirmed.
Affirmed.

. Theriault v. Rogers, Fla.App.1964, 166 So.2d 820.

. Greenfield v. Frantz, Fla.App.1962, 144 So.2d 878; Radtke v. Loud, Fla.App. 1957, 98 So.2d 891.

. Cf. Nelson v. Ziegler, Fla.1956, 89 So.2d 780; Coleman v. Phipps, Fla.1955, 82 So.2d 682.