HENDRY, Judge.
This is an appeal by some of the defendants and plaintiff from a judgment in plaintiff’s favor entered pursuant to a jury verdict of $6,250.00. The defendants claim error in the failure of the trial court to direct a verdict in their favor, and the plaintiff asserts error for the court’s failure to grant a new trial on the issue of damages.
The defendant, Joseph Lee was driving the car owned by the defendant Goble Aircraft, Spec., Inc. At the time, defendant Lee was an employee of the defendant, Gables Lincoln-Mercury, Inc. The car in question owned by Goble Aircraft had been serviced by Gables Lincoln-Mercury and was being delivered to its *775 owner by Lee when the accident occurred. The car driven by Lee struck the car owned and operated by the other defendant, Helen Henkin, causing[1] the Henkin car-to strike the plaintiff, a pedestrian.
The defendants- — Lee, Goble and Gables’ contention is predicated on the factual argument that their car hitting the Henkin car did not cause it to strike the plaintiff. The question of whether or not the defendant’s activity caused the Henkin car to run the plaintiff down is one of fact based on conflicting evidence, and properly reserved for jury determination.[2] The trial court properly denied the defendant’s motion for directed verdict. We have considered the other errors assigned by defendants-appellants and deem them to be without merit. We now turn our consideration to the cross-appeal of plaintiff.
The jury awarded a verdict of $6,250.00, in spite of evidence of out-of-pocket expenses of $6,532.82. Plaintiff contends that it was error to deny her motion for new trial because the damages awarded were so inadequate that it was apparent that the jury did not consider the elements of damages as charged by the court, and that the verdict was based upon other than the court’s instructions and the evidence adduced. We cannot agree. We think the trial judge was correct in denying the motion for new trial.[3]
Accordingly the judgment appealed is affirmed.
Affirmed.

. We state the facts in the light most favorable to supporting the jury verdict. Theriault v. Rogers, Fla.App.1964, 166 So.2d 820; Rothrock v. Patasy, Fla.App.1964, 170 So.2d 81.

. Chilton v. Dockstader, Fla.App.1961, 126 So.2d 281; Bassett v. Edwards, 158 Fla. 848, 30 So.2d 374 (1947).

. City of Miami v. Smith, Fla.1964, 165 So.2d 748.