207 So.2d 320 (1968)
Jack W. WOODHAM, Petitioner,
v.
Broward WILLIAMS, State Treasurer and Insurance Commissioner, Respondent.
No. J-364.
District Court of Appeal of Florida. First District.
February 22, 1968.
*321 Truett & Watkins, Tallahassee, for petitioner.
Charles C. Anderson and Thomas E. Boyle, Tallahassee, for respondent.
WIGGINTON, Chief Judge.
Petitioner insurance agent seeks review by certiorari of an order rendered by the respondent State Insurance Commissioner finding him guilty of violating numerous provisions of the licensing procedures law of this state[1] and revoking all insurance licenses theretofore issued to him.
The basic contention urged by petitioner is that the administrative procedures employed by respondent which culminated in the revocation of his insurance licenses were conducted in such manner as to deprive him of certain essential elements of due process granted by provisions of the Fifth and Sixth Amendments to the United States Constitution which the Fourteenth Amendment thereof makes applicable to the states.
Pursuant to the licensing procedures law of Florida, petitioner, a duly licensed insurance agent, was notified in writing by respondent that he was charged with fraudulent and dishonest practices which demonstrated a lack of trustworthiness to engage in the business of insurance contrary to the provisions of the insurance code of this state. Petitioner filed an answer denying the charges lodged against him and requested a hearing thereon. In accordance with his request a hearing was held before an examiner appointed by respondent at which petitioner appeared without the assistance or aid of counsel. Testimony of a number of witnesses was taken in substantiation of the charges against petitioner. The latter availed himself of the privilege of testifying in his own behalf and gave his version of the circumstances surrounding the incidents which formed the basis of the charges against him. Upon consideration of the record prepared and submitted by the hearing examiner, respondent found petitioner guilty as charged and thereupon rendered the order of revocation which petitioner seeks to have quashed by this proceeding.
By his first two points, petitioner asserts that he was denied due process of law because of the failure of respondent to advise him fully of his right to have counsel represent him at the hearing, and the failure of respondent to furnish him counsel for that purpose. Although petitioner concedes that his research has failed to disclose any authority to support his position, he reasons that by analogy the principle promulgated by the Supreme Court of the United States in Re Gault[2] ought to be applicable to the case sub judice. The Gault case involved a minor who was adjudged to be a delinquent child and thereupon committed to the state industrial school for the period of his minority. The Supreme Court of the United States concluded that the child had been deprived of the basic guarantees of due process because, among other things, the state failed to advise him of his right to the assistance of counsel prior to the adjudicatory hearing, and to further advise him that counsel would be furnished at state expense if he or his parents were unable to employ counsel. In reaching this conclusion the Supreme Court equated the delinquent child proceeding involved in that case with a felony prosecution in a criminal court when it said:
"* * * A proceeding where the issue is whether the child will be found to be `delinquent' and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. * * * Just as in Kent v. United States, supra, 383 U.S. 541 at 561-562 [86 S.Ct. 1045, 16 L.Ed.2d 84 at 97,] we indicated our agreement with the United States Court of Appeals for the District of Columbia Circuit that the assistance of counsel *322 is essential for purposes of waiver proceedings, so we hold now that it is equally essential for the determination of delinquency, carrying with it the awesome prospect of incarceration in a state institution until the juvenile reaches the age of 21."
The State of Arizona was held to be in error for failing to advise the child and his parents of his right to counsel, and his adjudication as a delinquent child was reversed on the authority of the Supreme Court's prior decisions in the Powell[3] and Gideon[4] cases.
Insurance business in this state is an important and highly regulated industry. A license to engage in that business is a privilege and not a property right. A proceeding to revoke a license because of the licensee's failure to comply with the laws regulating his professional conduct and method of doing business is strictly civil in nature, and does not involve the loss of liberty or threat of incarceration in the common jail. It is our view that the constitutional guarantee of right to counsel as enunciated in the above-cited decisions rendered by the Supreme Court of the United States is not applicable to the proceedings here considered, nor should it be extended to administrative proceedings of this kind involving the revocation of licenses issued by the State to those engaged in regulated businesses and professions.
Petitioner's next point is premised upon the contention that his constitutional guarantee of due process was violated when the hearing examiner did not advise him of his right to remain silent and thereby avoid self-incriminating statements. As noted above, petitioner elected to represent himself at the hearing and did not avail himself of counsel to assist in the presentation of his case. To support his position on this point, petitioner refers us to the recent decision rendered by the Supreme Court of the United States in Spevack v. Klein.[5] The Spevack case was a disbarment proceeding brought against an attorney in the State of New York in which he was charged with having failed to respond to a subpoena duces tecum and produce certain books and records concerning his representation of a client. In the proceedings the attorney justified his action on the ground that to respond to the subpoena and give the testimony demanded of him would tend to incriminate him and subject him to the penalty of disbarment. In reversing a judgment of disbarment the Supreme Court of the United States receded from its decision in an earlier case holding to the contrary, and pronounced a new and so-called "more enlightened" view to the effect that the Self-Incrimination Clause of the Fifth Amendment has been absorbed in the Fourteenth, that it extends the protection to lawyers as well as to other individuals, and that it should not be watered down by imposing the dishonor of disbarment and the deprivation of a livelihood as a price for asserting it. The effect of this decision is to place the penalty of disbarment arising out of a civil administrative proceeding on the same plane as a penalty of imprisonment arising out of a criminal prosecution, and to cloak each with the protection of the Self-Incrimination Clause of the Fifth Amendment.
If the facts in the case sub judice were analogous to those present in Spevack, the decision in that case would be of some comfort to petitioner; such, however, is not true.
The statute under which the proceedings in this case were conducted provides that the accused licensee shall be allowed to appear at the hearing in person or by counsel and to present evidence in support of his *323 interest.[6] The notice and charges served on petitioner specifically stated that he was privileged to appear at the hearing both personally or by counsel and produce witnesses and evidence to show cause why his license should not be revoked. At the hearing petitioner was afforded an opportunity at the appropriate time during the proceeding to present any testimony or evidence he had in response to the written charges against him, but was not required at any time to submit to examination or to produce any evidence touching upon the charges in question. Petitioner elected to be sworn as a witness and to offer testimony in his own behalf as permitted by the statute and as allowed by the hearing examiner. At no time did he refuse to answer any question on the ground of self-incrimination. We are therefore of the view that the rule of law pronounced in Spevack has no application to the proceedings sub judice, and no showing has been made to support the contention that petitioner's constitutional rights against self-incrimination have been violated.
Petitioner's remaining points question the hearsay character of much of the evidence adduced at the hearing before the examiner, and conclude with the assertion that the evidence is insufficient to support the commissioner's order of revocation.
It is the settled law of this state that administrative hearings before state agencies are relatively informal in character and not controlled by strict or technical rules of evidence and procedure. The reviewing court in a certiorari proceeding is not concerned with the weight or credibility of the evidence, for this is a matter to be determined only by the agency. If the agency's findings and conclusions are supported by competent and substantial evidence and accord with applicable principles of law, they will be sustained.[7] We have reviewed the record of testimony and evidence adduced at the adjudicatory hearing before the examiner and find therein ample support for the findings made and conclusions reached by respondent. The order appealed is accordingly affirmed.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. Chapter 626, F.S.A.
[2] Re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527, 551.
[3] Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158.
[4] Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
[5] Spevack v. Klein, 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574.
[6] F.S. § 626.631(7) and 624.0125(4), F.S.A.
[7] Florida State Board of Dental Examiners v. Feinglass, (Fla.App. 1964) 166 So.2d 686.