229 So.2d 308 (1969)
C. Allen POWELL, Jr., Petitioner,
v.
The BOARD OF PUBLIC INSTRUCTION OF LEVY COUNTY, Florida, Respondent.
No. L-199.
District Court of Appeal of Florida. First District.
December 18, 1969.
Rehearing Denied January 14, 1970.
*309 Clayton, Duncan, Johnston, Clayton & Quincey, Bronson, for petitioner.
Wilson & Wilson, Bronson, for respondent.
WIGGINTON, Judge.
Petitioner seeks review by certiorari of an order rendered by respondent Board terminating his contract as a member of the instructional staff of the public school system of Levy County as authorized by Part II of the Administrative Procedure Act, Chapter 120, F.S.
On November 8, 1968, during the school year, petitioner was notified in writing by the County Superintendent of Public Instruction that he was suspended from his position as a teacher in the Levy County School System on the grounds of immorality. In such notice he was advised that if he so requested, a public hearing on the charges against him would be held by the respondent School Board on November 19, 1968, ten days hence. Petitioner requested a hearing on the charges against him but asked for and was granted a continuance of the hearing until December 19, 1968. On the day of the hearing petitioner was served with another notice in writing signed by the County Superintendent and directed both to petitioner and respondent charging petitioner with immoral conduct in three specified particulars. By such notice the respondent School Board was asked to sustain the charges so placed against petitioner and to terminate his contract of employment pursuant to the applicable provisions of law. Testimony was adduced before the respondent Board touching upon the charges against petitioner, after which a written communication was transmitted by the County Superintendent *310 to the State Superintendent of Public Instruction advising that the respondent Board had sustained the charges of immoral conduct made against petitioner and had terminated his contract of employment with the County School Board. A copy of this communication was served by mail on petitioner's attorney. No final order was rendered by respondent containing findings of fact based upon the evidence adduced at the hearing, or specifying which of the several charges against petitioner were found to have been sustained.
By his brief petitioner contends that he was denied due process of law by respondent Board in two particulars, to wit: (1) the written charges placed against him by the County Superintendent were couched in general terms and were so vague, indefinite and uncertain as to preclude him from adequately preparing a defense; and, (2) he was not afforded ten days notice of the specific charges of misconduct made against him prior to the hearing as required by the statute.[1]
With respect to the vagueness of the written charges served on petitioner, it is noted that they are couched in the general language of the statute and contain no specific facts on which such charges are based. Had petitioner moved the Board for an order requiring that he be furnished with a more definite statement of the facts underlying the charges placed against him, he would have been entitled to such information and it would have been error to have denied it. The record reveals, however, that no such motion was made by petitioner at any time during the course of the proceedings. After the board had offered its evidence in support of the charges against petitioner, and rested its case, petitioner was then fully aware of all of the specific facts on which the charges were based. Despite this, he made no request or motion for a continuance of the hearing to a future date in order that he might marshal his evidence, subpoena his witnesses, and adequately prepare his defenses to the charges with which he was faced. The right to the foregoing relief is granted either expressly or by necessary implication by the provisions of the Administrative Procedure Act.[2]
With respect to petitioner's contention that he was denied ten days notice of the charges against him before being required to appear at the hearing before the School Board, the record reveals that almost one and one-half, months had elapsed between the time when he was first notified of his suspension on the grounds of immorality and the time the hearing was actually held. It is true that written notice of the more specific charges against him was furnished on the day the hearing commenced, but no motion or request for a continuance of the hearing was made by petitioner on the ground that he was taken by surprise or that he had not had adequate time to prepare his defense. Had such a motion or request been made, he would have been entitled to an adjournment of the hearing and it would have been error to have denied such motion. Instead, petitioner fully participated in the proceedings before the Board, and after the witnesses in support of the charges against him had testified petitioner made no motion for an adjournment of the hearing to a future date in order to have time to adequately prepare his defense. On the contrary, petitioner took the stand and testified in *311 his own behalf at the conclusion of which he announced to the Board:
"Gentlemen, we have no other witnesses at this time. We rest. Mr. McGowan may be excused. Inasmuch as we rested, and unless Mr. Wilson has rebuttal testimony, I am perfectly willing that the public part of the hearing be concluded and leave it in the hands of you gentlemen without argument."
It has long been recognized by the courts of this state that administrative hearings conducted by state boards and agencies are of an informal character and not governed by strict or technical rules of evidence or procedure. It is sufficient that the party involved is informed with reasonable certainty of the nature of the charges against him, has a reasonable opportunity to defend himself, and the proceedings are conducted in a fair and impartial manner.[3] Petitioner having failed to demonstrate that he has been prejudiced by the alleged insufficiencies of the notice of the charges, or by a lack of sufficient time for preparing his defenses, such errors, if any, were harmless and do not justify quashal of the action here reviewed.
Petitioner next contends that in terminating his contract of employment respondent Board departed from the essential requirements of law in failing to make any findings of fact based upon the evidence adduced at the hearing, and in failing to render a final order specifying the charges of which he is found guilty and on which is based the order terminating his employment. Petitioner argues that such failure on the part of respondent has rendered it virtually impossible for him to challenge the correctness of the Board's action in this court. He reasons that until a final order is entered specifying the charges of which he is found guilty, and findings of fact are made from the evidence on which the Board bases its conclusion of guilt, he is not in position to demonstrate to this court that the Board's action is erroneous. With this position we are inclined to agree.
In Adams v. Board of Public Instruction of Okaloosa County[4] this court held that reviews of county school board action resulting in the termination of a teacher's contract of employment is reviewable by certiorari filed in this court pursuant to the provisions of the Administrative Procedure Act, Chapter 120, F.S.A. Part III of the Act provides this court's jurisdiction and authority for reviewing administrative action, but confines that jurisdiction only to final orders entered in the exercise of a quasi-judicial authority.[5] Implicit in the Act is the necessity for the administrative body to enter a final order at the conclusion of its proceeding. Until such final order is entered, there is nothing for this court to review.
It has been held that a final order of a county school board terminating a teacher's contract of employment which is couched in such general language as to amount to nothing more than a "verdict of guilty as charged" is insufficient. Due process as well as the requirements of the Administrative Procedure Act dictates that the agency's final action be reduced to writing, contain findings of facts based upon the evidence adduced at the hearing, and specifically state the charges which the agency finds to have been sustained. Such was the conclusion reached by the Supreme Court in Hickey v. Wells.[6] The reason for such rule was stated by the Supreme Court in Hickey to be as follows:
"`The reasons have to do with facilitating judicial review, avoiding judicial *312 usurpation of administrative functions, assuring more careful administrative consideration, helping parties plan their cases for rehearings and judicial review, and keeping agencies within their jurisdiction.' (Emphasis supplied.)"
We have considered the remaining points urged by petitioner as grounds for issuance of the writ, but find them to be without substantial merit. The action of respondent Board is quashed and the cause remanded with directions that an appropriate final order be entered which shall contain specific findings of fact based upon the evidence adduced at the hearing, together with the exact charges of which respondent finds petitioner to be guilty and on which it bases its decision.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] F.S. § 231.36(6), F.S.A.

"Any member of the county * * * instructional staff * * * may be suspended or dismissed at any time during the school year; provided that no such employee may be discharged or removed during the school year without opportunity to be heard at a public hearing after at least ten (10) days' written notice of the charges against him and of the time and place of hearing; and, provided further, that the charges must be based on immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of any crime involving moral turpitude. * * *"
[2] F.S. §§ 120.24, 120.26, F.S.A.
[3] Woodham v. Williams, (Fla.App. 1968) 207 So.2d 320; Florida Board of Pharmacy v. Levin, (Fla. 1966) 190 So.2d 768.
[4] Adams v. Board of Public Instruction of Okaloosa County, Florida, (Fla.App. 1969) 225 So.2d 423.
[5] F.S. § 120.31, F.S.A.
[6] Hickey v. Wells, (Fla. 1957) 91 So.2d 206, 210.