PER CURIAM.
Appellant-defendants seek review of the trial court’s order reinstating the original jury verdict in this negligence action.
Plaintiff W. C. Fletcher filed a complaint against the defendant Gustav Glecer for motor vehicle damage sustained as a result of an automobile accident. Defendant Glecer counterclaimed for personal injuries and property damage. The original trial having resulted in a “hung jury”, the case was retried and at the close of this second trial, the judge instructed the jury on the law of comparative negligence and then furnished four verdict special interrogatories to the jury. These interrogatories asked the jury to determine the per *135 centage of negligence attributable to the defendant/counterplaintiff and the plaintiff/counterdefendant, and further the total damages sustained by each party as a result of the accident. The jury answered the interrogatories in which it found that defendant Glecer was 25% negligent and plaintiff Fletcher 75% negligent. The jury further found therein that the total damages sustained by Glecer were $4,000 and those sustained by Fletcher $600. After the jury read its verdict, but prior to the clerk publishing it, the trial judge based upon the above answers applied the required mathematic computations and set-offs and then informed the jury that the ultimate sum received by Glecer in accordance with the jury’s verdict would be $2,850. The jury then unanimously refused to allow the foreman to sign the verdict and thereupon, the judge permitted the jurors to return to the jury room to deliberate and to reconsider their verdict. Subsequently, the jury returned and announced a new verdict finding Glecer’s damages to be $6,000 and Fletcher’s damages to be $1,500. The foreman signed this verdict and the jury' was polled. Plaintiff-appellee Fletcher filed a post trial motion to reinstate the original verdict. The trial judge granted the motion and entered final judgment on the original verdict. Defendant-appellants appeal therefrom.
Appellants contend the trial judge erred in reinstating the original verdict and entering final judgment where the jury properly was allowed to amend their original verdict before it was recorded. We find this point well taken.
It is well established that until a verdict is received and published by the clerk of the court, it is within the control of the jury. 32 Fla.Jur. Trial § 270 (1960) and cases cited therein. Further, it is customary and proper practice for verdicts to be signed by one of the jury as foreman. 32 Fla.Jur. Trial § 256(1960).
Turning to the case sub judice, it affirmatively appears from the record that before the original verdict was published and signed by the foreman, the jury sought and was granted permission to withdraw and deliberate further. Thus, we conclude that the original verdict did not become final and it was error to have granted plaintiff-appellees’ motion for reinstatement thereof. Accordingly, we reverse the trial judge’s order reinstating the original verdict and the final judgment entered thereon and remand the cause to the trial court to' reinstate the second verdict and enter judgment in accordance therewith.
Reversed and remanded.