350 So.2d 536 (1977)
James F. SWEENEY, Appellant,
v.
Lorene WIGGINS and Allstate Insurance Company, Appellees.
No. 76-1743.
District Court of Appeal of Florida, Third District.
October 4, 1977.
Clifford B. Wentworth, Fort Lauderdale, for appellant.
Adams, George, Schulte & Ward and Amy Shield Levine, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
This is an appeal from a $2 judgment entered in accordance with the jury's verdict in this action to recover for personal injuries sustained as a result of a boating mishap.
James F. Sweeney, plaintiff-appellant, and Lorene Wiggins, defendant-appellee, along with several other persons set out on a scuba diving trip in Ms. Wiggins' boat. Upon diving off the rear of the boat, Sweeney was cut in several places either by the boat's propeller, the coral or a combination of both. Sweeney filed the instant negligence action against Wiggins and her liability *537 insurer, Allstate Insurance Company, alleging that he dived after receiving the "go signal" from Wiggins. Wiggins testified at the jury trial that she specifically told Sweeney not to jump until she got the boat off the rocks, and the moment she saw him jump she put the boat from reverse back into neutral. Sweeney was treated at the hospital for his injuries and received a total of 26 stitches. Conflicting medical testimony as to the extent, if any, of Sweeney's permanent injury was also presented to the jury. At the conclusion of the trial, the judge rendered a comparative negligence charge to the jury which then retired to deliberate. When the jury returned with its verdict,[1] the judge examined the form and found it to be improper. Whereupon, he recharged the jury on the preparation of the verdict forms and refused to announce the verdict at that time. The jury retired to deliberate further and later that day returned a verdict for Sweeney in the sum of $2. Sweeney's motion for new trial was denied and final judgment was entered.
Sweeney first argues that because the amount of the verdict was grossly inadequate in that the award was less than his out-of-pocket expenses, the trial judge erred in denying his motion for new trial.
The question presented is whether there was competent substantial evidence to support the verdict which arrives in this court with a presumption of correctness. It is not the function of this court to consider the credibility of the witnesses nor the weight to be given to particular testimony. See Fuote v. Maule, 143 So.2d 563 (Fla. 3d DCA 1962) and cases cited therein. In light of the above principles of law, we note that the jury was given a comparative negligence charge and inherent in their verdict was a finding of negligence on the part of both Sweeney and Wiggins. In addition, testimony was presented to the jury to the effect that Sweeney sustained no permanent disability or loss of earnings.
This issue may be best disposed of by the following statement of Justice Terrell in Snider v. Bancroft Inv. Corp., 61 So.2d 184, 185 (Fla. 1952):
"... For all the record discloses, the charges of the court were acceptable to both parties. The verdict and judgment are presumptively correct, and while we have searched diligently, we fail to find sufficient ground to overthrow this presumption. Mere disappointment at the verdict of a jury or disagreement with it, is not sufficient warrant for a new trial. There must be positive showing of prejudice, misconception, or some other influence that misled the jury. Failing to find any such element in the record, to reverse the judgment would amount to nothing more than a substitution of our appraisal of the evidence for that of the trial court and the jury, which we are not authorized to do."
We find there was competent substantial evidence to support the jury's verdict and the trial judge did not err in denying the motion for new trial based upon the inadequacy of the damages awarded. Cf. Weiss v. Goldman, 120 So.2d 812 (Fla. 3d DCA 1960); Gables Lincoln-Mercury, Inc. v. Henkin, 173 So.2d 774 (Fla. 3d DCA 1965).
Sweeney also argues that the trial judge erred in refusing to publish the first verdict returned to the jury. We find no error.
The jury's initial verdict was not in proper form and the trial judge was eminently correct in informing the jury about the defect in the verdict, refusing to announce it and instructing the jurors as to the proper preparation of the verdict forms. See Miami Coin-O-Wash, Inc. v. McGough, 195 So.2d 227 (Fla. 3d DCA 1967). Until a verdict is received and published by the clerk of the court it is still within the control of the jury and when the jurors are sent back, their first unaccepted and unrecorded verdict is a nullity. See Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla. 1966); Wohlfiel v. Morris, 122 So.2d 235 (Fla. 3d DCA 1960); Tobin v. Garry, 127 So.2d 698 (Fla. 2d DCA 1961); Glecer v. Fletcher, 299 So.2d 134 (Fla. 3d DCA 1974).
Affirmed.
NOTES
[1] Finding for Sweeney and assessing his damages in the sum of zero dollars.