BASKIN, Judge.
We reverse the final judgment in the amount of $8,000 entered by the trial court in favor of appellee, Louis Becker, and remand this cause with directions to the trial court to enter a final judgment for Louis Becker in the amount of $1,600 in accordance with the verdict returned by the jury prior to extensive questioning by the trial judge.
In its special verdict interrogatory, the jury assessed total damages incurred by appellee Becker at $8,000 and determined that Becker was 80% liable when, as a pedestrian, he was injured by an automobile driven by appellant, Daniel Schumer, and insured by appellant, Colonial Penn Insurance Company. The jury assessed the driver’s fault at 20%. After questioning the jury, the court determined that $8,000 represented net rather than total damages.
The verdict appropriately apportioned damages on the basis of fault. Lawrence v. Florida East Coast Railway Co., 346 So.2d 1012 (Fla.1977); Hoffman v. Jones, 280 So.2d 431 (Fla.1973). The trial court was, therefore, not authorized to inquire further, and its repeated questioning of the jury concerning the effect of its award, however *283 well-intentioned, served only to suggest to the jury that its decision was incorrect. The court went beyond polling the jury. The additional questioning disclosed that the jury, which returned with a signed special jury interrogatory three times, became totally confused by the court’s explanations concerning reductions and net amounts of damages. Adkins v. Seaboard Coast Line Railroad Co., 351 So.2d 1088 (Fla. 2d DCA 1977). The verdict returned prior to the court’s explanations of the consequences of apportionment expressed the jury’s decision and must be reinstated.
Reversed and remanded with directions.