SCHWARTZ, Judge.
While crossing a street on Miami Beach, Regina Greenberg was struck and seriously injured by a Central Taxi Service, Inc. cab driven by Salamon Candiotti. The ensuing trial contained, predictably enough, wildly conflicting evidence concerning the circumstances of and responsibility for the accident. At its conclusion, the court routinely submitted to the jury the standard comparative negligence-special interrogatory verdict form contained in Florida Standard Jury Instructions, Model Charge No. 1. When the jury initially returned to the courtroom, it had answered only three of the four questions propounded.[1] While it determined that both parties were negligent, with the plaintiff 35% and the defendant 65% responsible for the accident, it did not fill in the space provided for the answer to question 4, the total amount of the damages sustained by the plaintiff. At a sidebar conference, the court rejected the plaintiffs contention that the jury should be asked only to respond to the unanswered question on the damages issue. Instead, after the form, which was never read in open court, was filed with the clerk, the trial judge both completely reinstructed the jury as to liability and damages, and submitted it a new, entirely blank special verdict form. This time, the jury answered “no” to the first interrogatory as to whether the defendant driver was guilty of negligence at all. A judgment for the defendants was subsequently entered upon this second verdict.
In the order now on review,[2] however, the trial court set aside that judgment and *335 granted the plaintiff’s motion for a new trial on damages only, essentially on the ground that the jury’s initial findings as to liability and comparative negligence should have been regarded as determinative of those issues.[3] The defendants appeal but we affirm.
Under the circumstances of this case, we thoroughly agree that there was no basis or reason to reject the jury’s initial resolution of the liability issues, which were not even arguably infected by any impropriety,[4] and to require a reconsideration of those very questions rather than a response only to the single interrogatory which had not been addressed.[5] The applicable rule, which directly supports this conclusion, is stated as follows at 5A Moore’s Federal Practice, § 49.03[4] (2d ed. 1982):
[I]f the jury fails to find on an issue actually submitted to it, since the right to jury trial thereon has not been waived, a new trial, at least as to such issue, is necessary, unless the jury has not been dismissed before the omission is discovered, in which case the issue should be resubmitted, [e.s.]
Accord, Turchio v. D/S A/S Den Norske Africa, 509 F.2d 101, 105 (2d Cir. 1974) (“When the jury failed at first to answer any of the questions put to it, the court acted within its rights in asking the jury to deliberate a second and third time to obtain answers to the unanswered questions.” [e.s.]); Bartholomew v. Universe Tankships, Inc., 168 F.Supp. 153, 159-60 (S.D.N.Y.1957), aff’d, 263 F.2d 437 (2d Cir. 1959), cert. denied, 359 U.S. 1000, 79 S.Ct. 1138, 3 L.Ed.2d 1030 (1959) (proper to insist upon jury’s response to unanswered interrogatories, rather than to reject incomplete verdict form as totally unresponsive to court’s initial instructions); see also, Porret v. City of New York, 252 N.Y. 208, 169 N.E. 280 (1929), cf. Union Pacific R. Co. v. Bridal Veil Lumber Co., 219 F.2d 825 (9th Cir. 1955), cert. denied, 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956) (new trial required on all issues only because both answered and unanswered questions were related to intertwined aspects of same incident).
On the other hand, we find entirely inapposite the authorities cited by the defendants. These cases, exemplified by Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966) and Sweeney v. Wiggins, 350 So.2d 536 (Fla. 3d DCA 1977), hold that all aspects of an internally inconsistent verdict must be resubmitted for the jury— which has the sole authority to do so — to resolve the conflict by changing one or the other of its contradictory conclusions. In this ease, the verdict first returned was neither self-contradictory, inconsistent nor otherwise facially improper; it was merely incomplete, and there was therefore no ba *336 sis for doing anything beyond asking the jury to finish its job. At the very least, we cannot hold that the trial judge abused the considerable discretion he possesses in granting a new trial, Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), in concluding, upon reflection beyond the cockpit of the trial setting, that this is what he should have done in the first place. Accordingly, the order under review [6] is
Affirmed.

. The entire verdict as first returned by the jury was as follows:
We, the jury, return the following verdict:
1. Was there negligence on the part of the Defendants, CENTRAL TAXI SERVICE, INC. and SALAMON CANDI-OTTI, which was the legal cause of the damage to the Plaintiff, REGINA GREENBERG?
ves x NO_
If your answer to question 1 is NO, your verdict is for Defendants, and you should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to question 1 is YES, please answer question 2.
2. Was there negligence on the part of Plaintiff, REGINA GREENBERG, which was the legal cause of her damage?
YES x NO-
If your answer to question 2 is YES, please answer question 3.If your answer to question 2 is NO, skip question 3 and answer question 4.
3. State the percentage of any negligence, which was the legal cause of damage to Plaintiff, REGINA GREENBERG, that you charge to:
Defendants 65 %
Plaintiff 35 %
Total must be 100 %
4. What is the total amount (100%) of any damages sustained by Plaintiff, REGINA GREENBERG, and caused by the incident in question?
Total Damages of Plaintiff $-
In determining the total amount of damages, do not make any reduction because of the negligence, if any, of Plaintiff, REGINA GREENBERG. If you have found the Plaintiff negligent in any degree, the court in entering judgment will reduce the Plaintiffs total amount of damages (100%) by the percentage of negligence which you found is chargeable to the Plaintiff.
SO SAY WE ALL this 19th day of November, 1980.
/s/ Anniebelle O. McIntosh
Foreman or Forewoman

. The order states:
Upon consideration of the Motion for New Trial by plaintiff, REGINA GREENBERG, the Court finds:
a. The initial verdict returned by the jury was signed and dated by the foreman of the jury and found defendant 65% negligent and plaintiff 35% negligent;
b. The initial verdict form did not contain a damage award although the evidence demonstrated that plaintiff was injured and sustained damages as a result of the subject accident;
c. The aforementioned verdict was accepted by the Court, published and filed in the Court file;
d. The court advised the jury that the referred to verdict was incorrect after which the jury was re-instructed as to liability and damages; and,
e. Thereafter the jury retired and returned a second verdict in favor of the defendant.
Based upon the foregoing, the Court has determined on Motion for New Trial that the initial verdict, having been accepted by the Court, published and filed, was final as to the issue of liability; and there having been un-contradicted evidence of injury to plaintiff as a result of defendant’s negligence without award of damages to plaintiff by the jury, a new trial should be granted to plaintiff on the issue of damages. Accordingly, it is
ORDERED AND ADJUDGED
*335 That plaintiff, REGINA GREENBERG’S, Motion for New Trial on the issue of damages is hereby granted, and the first verdict on liability is reinstated and the second verdict is declared a nullity.
DONE AND ORDERED in Chambers at Miami, Dade County, Florida, this 6th day of April. 1981
/s/ Moie J. L. Tendrich
CIRCUIT COURT JUDGE

. The order contemplates that the jury’s conclusion of 35% comparative negligence will be applied to the gross amount assessed in the new trial, so that judgment will be entered for the plaintiff for 65% of that figure.

. We note, however, that the trial judge’s apparent rejection of its first set of conclusions very likely (and unjustifiably) led the jury to the belief that there was something incorrect about those results and thus to their subsequent verdict to the contrary. Schumer v. Becker, 389 So.2d 282 (Fla. 3d DCA 1980).

. Because the first verdict was not in fact published and, since it was incomplete, could not in any event have been deemed final or beyond its control, see Glecer v. Fletcher, 299 So.2d 134 (Fla. 3d DCA 1974), we recognize that the jury would have retained the theoretical authority to alter even its answers to questions 1-3, although it had been asked only to fill in the damages blank. Stevens Markets, Inc. v. Markantonatos, 189 So.2d 624 (Fla.1966), and cases cited. There is, however, utterly no basis for believing that it would have done so in fact under those circumstances. It is for this reason that we do not disapprove the discretionary conclusion that the new trial should concern only damages, rather than including the liability issue as well. See also, Vega v. Mahfuz, 367 So.2d 1107 (Fla. 3d DCA 1979), cert. denied, 378 So.2d 346 (Fla.1979), and cases cited.

. The defendants take particular issue with the order’s conclusions, see note 2, supra, that the first verdict was “accepted,” “published,” and therefore deemed “final.” While, as we have indicated, note 5, supra, we do not disagree that this choice of language was technically wrong, this has no effect upon the correctness and therefore the affirmability of the thrust of the order, which is that the first verdict should have been accepted as conclusive of the issues it resolved.