423 So.2d 940 (1982)
S. KORNREICH & SONS, Inc., Appellant,
v.
TITAN AGENCIES, INC., a Florida Corporation, Appellee.
Nos. 81-697 to 81-700.
District Court of Appeal of Florida, Third District.
November 23, 1982.
Rehearing Denied January 10, 1983.
*941 Finley, Kumble, Wagner, Heine & Underberg and Philip Bloom and Phyllis K. Harte, Miami, for appellant.
Mamber, Epstein & Savage, North Miami Beach, for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
PER CURIAM.
Appellee-Titan, a Florida licensed insurance agency, and appellant-Kornreich, a Florida nonresident insurance agency which maintains its offices in New York City, entered into a fee-splitting arrangement whereby Titan would act as Kornreich's agent to service Kornreich's clients who had moved to Florida. The main issue in the case was whether Titan was to look solely to Kornreich for payment of premium costs advanced by Titan on behalf of Kornreich's clients.
At the first hearing of a trial  bifurcated on appellant's motion  the court determined that Kornreich was liable to Titan for premium costs which Titan advanced to the insurers on behalf of Kornreich's clients. At the second hearing the court considered extensive evidence produced by Titan in arriving at the amount of damages.
Kornreich contends here that (1) the court erred in finding it liable and assessing damages at $116,325.33, (2) the findings made by the court at the trial on liability fixed or limited the evidence which the court could consider on the issue of damages, (3) the trial court erred in admitting into evidence without prior notice, a financial summary prepared by Titan.
The first issue challenges the sufficiency of the evidence and the credibility of Titan's witness. Kornreich put on evidence to dispute the testimony of Titan's comptroller as to the correctness of the accounting method used in arriving at the figure of $116,323.33 in damages. Although the evidence as to damages is conflicting, there is substantial evidence which supports the damages as determined by the court, thus, this finding must be affirmed. Trobaugh v. Trobaugh, 81 So.2d 629 (Fla. 1955); City of Miami Beach v. Fein, 263 So.2d 258 (Fla. 3d DCA 1972); Cone v. Cone, 114 So.2d 461 (Fla. 3d DCA 1959). Kornreich argues further that it had sufficiently discredited the comptroller's competency to the extent that the court should have discounted the testimony. We disagree. There is competent and substantial evidence to support the trial judge's conclusions as to that issue, which conclusions would not be disturbed on appeal, Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Atkins v. Keller, 400 So.2d 168 (Fla. 3d DCA 1981); Massachusetts Casualty Insurance Co. v. Johansen, 270 So.2d 397 (Fla. 3d DCA 1972), even if we were to disagree. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Singer Housing Company v. Wren, 390 So.2d 428 (Fla. 1st DCA 1980). Credibility of witnesses is peculiarly within the province of the factfinder. Povia v. Melvin, 66 So.2d 494 (Fla. *942 1953); Hunt v. Palm Springs General Hospital, 352 So.2d 582 (Fla. 3d DCA 1977); Sweeney v. Wiggins, 350 So.2d 536 (Fla. 3d DCA 1977).
The consideration of a "Broker Statement", at the first hearing, for the purpose of determining the relationship between the parties went solely to the issue of liability, and for the purpose of the subsequent hearing to determine damages, the court was not limited to that statement and a figure of $30,000 reflected thereon as a balance owed Titan by Kornreich.
Appellants received a copy of the disputed summary several weeks before the trial on damages; twelve days before trial they took a thirteen-hour deposition of the employee who had prepared the summary. On these facts we cannot agree that the technical violation of § 90.956,[1] Florida Statutes (1977) was harmful. Bernstein v. Common Markets, Inc., 183 So.2d 290 (Fla. 3d DCA 1966); Victor Hotel Owners, Inc. v. Sperling, 104 So.2d 120 (Fla. 3d DCA 1958).
Affirmed.
NOTES
[1] § 90.956, Fla. Stat. (1977) provides:

When it is not convenient to examine in court the contents of voluminous writings, recordings, or photographs, a party may present them in the form of a chart, summary, or calculation by calling a qualified witness. The party intending to use such a summary must give timely written notice of his intention to use the summary, proof of which shall be filed with the court, and shall make the summary and the originals or duplicates of the data from which the summary is compiled available for examination or copying, or both, by other parties at a reasonable time and place. A judge may order that they be produced in court.