ON APPELLEE’S MOTION FOR REHEARING OR CLARIFICATION
Our December 19, 1989, opinion in this case is not a retreat from the holding in Goodman v. Roma Constr. Co., Inc., 537 So.2d 597 (Fla. 3d DCA 1988), rev. denied, 544 So.2d 200 (Fla.1989), which reversed and remanded for a “new trial on damages.” That holding is the unambiguous law of the case.
The basis for the opinion on the petition for certiorari in this post-mandate review was to make clear that the jury, at the new trial, may consider evidence of a pre-exist-ing condition in determining the amount of damages to be assessed against the defendant. Contrary to the defendant’s interpretation, it is not intended that the liability issue — which was not cross-appealed by the defendant — is also to be retried.
Reversal was ordered in the original appeal because the defendant improperly brought evidence of collateral source benefits before the jury, which may have prejudiced the finding on damages. The prejudice to the plaintiff on the damage issue, caused by the defendant, is no basis for granting the defendant a new trial on the liability finding. Central Taxi Serv., Inc. v. Greenberg, 418 So.2d 333 (Fla. 3d DCA 1982) (where jury finding on liability was not infected by impropriety a remand for a new trial on damages did not require a new trial on liability). The trial judge was eminently correct in construing our opinion as an affirmance of the jury verdict on liability.
Rehearing is denied.