555 So.2d 436 (1990)
Iris KRISCHER, Appellant,
v.
SCHOOL BOARD OF DADE COUNTY, Appellee.
No. 89-1322.
District Court of Appeal of Florida, Third District.
January 16, 1990.
Steel, Hector & Davis, and Elizabeth J. du Fresne, Miami, and Frank J. Sanchez, Tampa, for appellant.
Frank A. Howard, Jr. and Madelyn P. Schere, Asst. School Bd. Atty., Miami, for appellee.
Before BASKIN, LEVY and GERSTEN, JJ.
PER CURIAM.
Appellant, Iris Krischer, appeals a final order of appellee, School Board of Dade County, terminating appellant's employment *437 as a teacher, by not renewing her contract. We affirm.
Appellant's primary contention on appeal is that the order terminating her employment must be reversed because appellee failed to comply with the notice requirement set forth in section 231.36(3)(e), Florida Statutes (1987). The record demonstrates that appellant was given early and continual notice of her unsatisfactory performance, albeit not the exact statutory notice prescribed. The record also demonstrates appellant was provided numerous opportunities to correct her unsatisfactory performance.
Three meetings were held with appellant over the 1986-1987 school year regarding deficiencies in appellant's classroom teaching. At the third meeting, appellant was advised that if she failed to remedy the deficiencies in her teaching by the end of the 1987-1988 school year that she would not be recommended for continued employment. During the 1987-1988 school year, three additional meetings were held with appellant regarding deficiencies in her teaching. At what amounts to a sixth meeting, appellant was advised that her principal would be recommending the nonrenewal of her employment contract.
The issue before this court is whether a technical violation of the notice provision in section 231.36(3)(e), Florida Statutes, requires reversal of the order terminating appellant's employment. A similar issue was dealt with by the First District Court of Appeal in Powell v. Board of Public Instruction of Levy County, 229 So.2d 308 (Fla. 1st DCA 1969). In Powell, the court considered whether a school board's failure to give 10 days pre-hearing notice of the charges made against a teacher, as required by statute, justified the quashal of the school board's action in terminating a teacher's employment. The Powell court refused to quash the action of the school board on this ground, stating:
It has long been recognized by the courts of this state that administrative hearings conducted by state boards and agencies are of an informal character and not governed by strict or technical rules of evidence or procedure. It is sufficient that the party involved is informed with reasonable certainty of the nature of the charges against him, has a reasonable opportunity to defend himself, and the proceedings are conducted in a fair and impartial manner. Petitioner having failed to demonstrate that he has been prejudiced by the alleged insufficiencies of the notice of the charges, or by a lack of sufficient time for preparing his defenses, such errors, if any, were harmless and do not justify quashal of the action here reviewed.
Powell v. Board of Public Instruction of Levy County, 229 So.2d at 311.
Although the notice provision in Powell is different from the notice requirement in this case, we are persuaded by the reasoning of the court in Powell. Moreover, we note that the notice provision in Powell was construed under the same statute, as this case. A technical violation of the notice requirement in section 231.36(3)(e), Florida Statutes, does not require reversal of the order terminating the teacher's employment when the teacher was not prejudiced.
Since appellant has neither shown nor suggested that she was prejudiced by the technical violation of the statutory notice requirement, we deem the violation to be harmless. See S. Kornreich & Sons, Inc. v. Titan Agencies, Inc, 423 So.2d 940 (Fla. 3d DCA 1982).
Having found the other issue raised by appellant to be without merit, the order appealed from is affirmed.