PER CURIAM.
The appellant, Micah D. Harrell, appeals from a final order of The School Board of Miami-Dade County, Florida [School Board], terminating his professional service contract of employment and dismiss *705 ing him. from his employment with the School Board.[1] We affirm.
A review of the record indicates that the administrative law judge’s findings of fact were supported by competent substantial evidence, and therefore, the School Board properly accepted those findings as the facts in this case. § 120:68(7)(b), Fla. Stat. (2002). Moreover, those facts support the termination of Harrell’s professional service contract and the dismissal of his employment with the School Board. Finally, contrary to Harrell’s contention, there were no due process violations because Harrell was “informed with reasonable certainty of the nature of the charges against him, ha[d] a reasonable opportunity to defend himself, and the proceedings [were] conducted in a fair and impartial manner.” Powell v. Board of Pub. Instruction of Levy County, 229 So.2d 308, 311 (Fla. 1st DCA 1969). Therefore, we affirm the final order of the School Board.
Affirmed.

. Harrell’s termination was as a result of evaluations utilizing the Professional Assessment and Comprehension Evaluation System [PACES], PACES was collectively bargained and supported by both the School Board and The United Teachers of Dade.