ROTHENBERG, J.
Manuel Ismael (“the former owner”) appeals from an order denying his exceptions to the report and recommendation of the general magistrate, and the final order denying his motion to vacate the default final judgment and foreclosure sale. We affirm.
In 2003, the City of Miami passed an ordinance authorizing the City Attorney “to take any action in law or in equity to collect on municipal liens, including, but not limited to foreclosure,” and providing the City Attorney with the power to “delegate this authority to the holders of municipal liens or their counsel.” Miami, Fla., Resolution R-03-1221 (Dec. 18, 2003). Joel Israel (“the lienholder”) had previously purchased lien certificates from the City on multiple properties upon which special assessments were outstanding. One of those properties (“Parcel 9”) belonged to the former owner. On June 1, 2004, the City Attorney sent a letter to the lienholder, assigning to him the City’s right to take any action at law or in equity to collect on the lien certificates the lienholder held.
Pursuant to that assignment, counsel for the lienholder mailed two written notices of his intent to foreclose on Parcel 9 to the former owner. The former owner did not respond. In July 2005, the lienholder, “as authorized delegate and assignee of the *585 City of Miami,” filed the instant action in rem to foreclose on a number of properties, including Parcel 9. The lienholder proceeded under section 173.02, Florida Statutes (2005), which provides for actions in rem to foreclose upon outstanding special assessment liens. Section 173.04(1) provides that such suits shall be brought “in the name of the city or town whose ... special assessments are sought to be enforced.”
Notice and a copy of the complaint were sent by certified mail and received by the former owner. Also, the clerk of the trial court published notice of the lawsuit in a weekly newspaper. The former owner did not appear, and the trial court granted the lienholder’s motion for default. On April 3, 2006, the trial court entered a final default judgment of foreclosure as to Parcel 9. The trial court appointed a special master to conduct the foreclosure sale. Notice of the sale was mailed to the former owner and published by the clerk of the trial court in a weekly newspaper. Bullet Cement Co. (“Bullet”) was the highest bidder at the foreclosure sale. On May 18, 2006, the trial court confirmed the sale, and Bullet obtained title to Parcel 9.
In December 2007, the former owner moved to vacate the final default judgment of foreclosure and sale, arguing that the judgment was void. The trial court referred the matter to a general magistrate who, after a series of evidentiary hearings, issued her report and recommendation rejecting the former owner’s arguments. The trial court issued an order denying the former owner’s exceptions to the general magistrate’s report and recommendation. The trial court then issued an order denying the former owner’s motion to vacate the final default judgment. This appeal followed.
The former owner first argues that the final default judgment is void because the lienholder had no standing to proceed under chapter 173. Because section 173.04(1) requires that such actions in rem be commenced “in the name of the city or town whose ... special assessments are sought to be enforced,” the former owner contends that under no circumstances may an individual commence an action under chapter 173. We disagree.
Without question, the City was authorized to commence a chapter 173 foreclosure action. By valid ordinance,[1] the City Attorney was granted the authority to delegate and assign the City’s right to take any action at law or in equity to collect on outstanding special assessment liens to individual lienholders. By letter, in June 2004, the City Attorney assigned to the lienholder the City’s right to foreclose on multiple properties, including Parcel 9. In Florida, statutory rights are freely assignable in the absence of an express or obvious prohibition. VOSR Indus., Inc. v. Martin Props., Inc., 919 So.2d 554, 556 (Fla. 4th DCA 2005) (“Florida law recognizes the general right to assign common law and statutory rights, unless there is an express prohibition in a statute, or a showing that an assignment would clearly offend an identifiable public policy.”); see also Art. VIII, § 2(b), Fla. Const. (“Municipalities ... may exercise any power for municipal purposes except as otherwise provided by law.”); § 17.0415, Fla. Stat. (2005) (authorizing Chief Financial Officer to assign state claims against third parties to facilitate collection); Cnty. Collection Servs., Inc. v. Charnock, 789 So.2d 1109, *586 1110 (Fla. 4th DCA 2001) (holding that “Palm Beach County does have the power to assign [lot clearing and code enforcement] liens”).
The former owner has not provided this Court with any statutory provision, case, or persuasive policy argument suggesting that the City’s assignment of the instant special assessment liens should be invalidated. Accordingly, we hold that the lien-holder, as “delegate and assignee of the City of Miami,” had standing under chapter 173, and properly commenced this action in rem as against Parcel 9.
Next, the former owner contends that he was not notified of the lienholder’s lawsuit and subsequent foreclosure sale in strict accordance with chapter 173, and therefore, the judgment cannot stand for lack of personal jurisdiction. Again, we disagree.
The general magistrate — considering the multiple notices received at the former owner’s residence and the notices published in the newspaper — found that the former owner had both actual and constructive notice of the lawsuit and foreclosure sale. The former owner did not specifically challenge that finding, and based on the record now before us, we see no reason to disturb it. Instead, we conclude that the former owner received notice of the proceedings, and any alleged technical error in notice was harmless. See Krischer v. Sch. Bd. of Dade Cnty., 555 So.2d 436, 437 (Fla. 3d DCA 1990) (holding that technical violation of statutory notice provision did not require reversal of order terminating teacher’s employment where teacher was not prejudiced); S. Kornreich & Sons, Inc. v. Titan Agencies, Inc., 423 So.2d 940, 942 (Fla. 3d DCA 1982) (refusing to agree that technical statutory notice violation was harmful).
Furthermore, we note that the trial court’s jurisdiction over both the lands and parties involved in this case was conferred by publication of notice and of the lawsuit and sale by the clerk of the trial court in 2005. § 173.04(3). Thus, the former owner’s jurisdictional arguments (as to both personal and subject matter jurisdiction) are without merit.
We therefore affirm the trial court’s orders denying the former owner’s exceptions to the report and recommendation of the general magistrate, and denying the former owner’s motion to vacate the default final judgment of foreclosure and sale as to Parcel 9.
Affirmed.

. As the general magistrate correctly found, the four-year statute of limitations in section 95.11(3)(p), bars any challenge to Miami, Florida, Resolution R-03-1221, and thus, the ordinance is valid.