WALLACE, Judge.
The School Board of Glades County disciplined Alice Gardner, a teacher, by depriving her of her professional services contract and placing her on “fourth year probationary contract status” for the 2010-2011 school year. After the Board acted, Ms. Gardner’s attorney promptly requested a formal administrative hearing and reconsideration by the Board of its action. In response, the Board conducted a hearing limited to the issue of whether Ms. Gardner had “waived her access to a full evidentiary hearing regarding [a change in] her contract status to a 4th year annual contract.” The Board ultimately entered an order finding that its failure to give Ms. Gardner notice of her right to a formal hearing under section 120.57(1), Florida Statutes (2009), about the alleged incident for which the Board disciplined her did not warrant reversal of the Board’s action. The Board also found that Ms. Gardner had waived her right to a formal evidentia-ry hearing. We reverse.
The principal at the school where Ms. Gardner taught did send Ms. Gardner an e-mail concerning the result of the principal’s investigation of the alleged incident and her intent to recommend to the school superintendent a change in Ms. Gardner’s contract status. However, the principal’s recommendation was not binding on the superintendent or the Board. Moreover, the record establishes that no one ever advised Ms. Gardner that she had a right to request a formal hearing before the Board on the proposed change to her contract status or the time frame for making such a request.
In Henry v. Department of Administration, 431 So.2d 677, 680 (Fla. 1st DCA 1983), the First District said:
Notice of agency action which does not inform the affected party of his right to request a hearing, and the time limits for doing so, is inadequate to “trigger” the commencement of the administrative process. Wahlquist v. School Board of Liberty County, 423 So.2d 471, 473 (Fla. 1st DCA 1982); Sterman v. Florida State University Board of Regents, 414 So.2d 1102 (Fla. 1st DCA 1982). An agency seeking to establish waiver based on the passage of time following action *316 claimed as final must show that the party affected by such action has received notice sufficient to commence the running of the time period within which review must be sought. The requirements for such notice are objective rather than subjective in nature, and apply regardless of actual or presumed notice of agency action, as stated in Wahlquist, supra, 423 So.2d at page 473:
This court has recently reaffirmed the rule that actual notice of agency action which does not inform the affected party of his right to request a hearing and the time limits for doing so, is inadequate to “trigger” the commencement of the administrative process.
Thus, the sufficiency of the notice is not affected by the actual knowledge of the recipient. Appellee’s contention that, because appellant is an attorney, a different standard applies in determining sufficiency of notice is also devoid of merit.
See also § 120.569(2)(b) (providing that on decisions that affect substantial interests, “[a]ll parties shall be afforded an opportunity for a hearing after reasonable notice of not less than 14 days[,] ... [which] notice shall include ... [a] statement of the time, place, and nature of the hearing[, and a] statement of the legal authority and jurisdiction under which the hearing is to be held”).
In McIntyre v. Seminole County School Board, 779 So.2d 639, 641-42 (Fla. 5th DCA 2001), the Fifth District further recognized:
A teacher or contractual employee who can only be terminated for cause has a contractual property interest in his job. See Sublett v. District Sch. Bd. of Sumter County, 617 So.2d 374, 377 (Fla. 5th DCA 1993) (citing McCracken v. City of Chinook, 652 F.Supp. 1300 (D.Mont.1987)). Moreover, under Florida law, a school board’s decision to terminate an employee is one affecting the employee’s substantial interests; therefore, the employee is entitled to a formal hearing under section 120.57(1) if material issues of fact are in dispute. See Sublett v. District Sch. Bd. of Sumter County, 617 So.2d 374, 377 (Fla. 5th DCA 1993) (citing French v. School Bd. of Polk County, 568 So.2d 497 (Fla. 2d DCA 1990); Taylor v. School Bd. of Seminole County, 538 So.2d 150 (Fla. 5th DCA 1989)); see also Weiss v. Department of Bus. and Prof. Reg., 677 So.2d 98, 99 (Fla. 5th DCA 1996). However, the person who is substantially affected must affirmatively request a formal hearing; otherwise, he has waived that right. See City of Punta Gorda v. Public Emp. Relations Com’n, 358 So.2d 81, 82-83 (Fla. 1st DCA 1978); see also Fla. Stat. § 120.57 (1999). For an agency to establish that a person has waived his right to an administrative hearing, the agency must demonstrate that the person has been advised of the action to be taken and the basis thereof, the right to an administrative hearing, a clear point of entry into the administrative process, and a deadline by which a hearing must be requested. See City of St. Cloud v. Department of Envtl. Reg., 490 So.2d 1356, 1358 (Fla. 5th DCA 1986) (internal citations omitted).
See also Latin Express Serv., Inc. v. Dep’t of Revenue, 660 So.2d 1059, 1060 (Fla. 1st DCA 1995) (noting that “[t]his court has repeatedly recognized that a notice of agency action that fails to inform a party of its right to seek administrative review and the relevant time limits associated therewith is inadequate to trigger commencement of the administrative process”); Fla. League of Cities, Inc. v. Ad *317 min. Comm’n, 586 So.2d 397, 413 (Fla. 1st DCA 1991) (noting same).
We have considered Krischer v. School Board of Dade County, 555 So.2d 436 (Fla. 3d DCA 1990), a case upon which the Board relies heavily in support of its position. In Krischer, the Third District addressed a school board’s technical noncompliance with the requirements of section 231.36(3)(e), Florida Statutes (1987),[1] concerning notice to a teacher about deficiencies in his or her classroom performance. The Third District noted that the teacher had been “given early and continual notice of her unsatisfactory performance, albeit not the exact statutory notice prescribed.” Krischer, 555 So.2d at 437. In light of the multiple notices given to the teacher concerning the deficiencies in her performance, the Third District concluded that — in the absence of any prejudice to the teacher — a technical violation of the applicable notice requirements did not compel reversal of an order terminating the teacher’s employment. Id.
We find Krischer inapposite for three reasons. First, Krischer concerned technical noncompliance with particularized notice requirements concerning deficiencies in a teacher’s classroom performance. The obvious purpose of these requirements was to give the affected teacher an opportunity to remedy the deficiencies in his or her classroom performance before any adverse action was taken. In this context, technical noncompliance with the statutory notice requirements might be excused where — as in Krischer — the teacher had actual notice on several occasions and an adequate opportunity to show improvement. Here, the issue is not Ms. Gardner’s classroom performance and an asserted lack of improvement after multiple notices. Instead, we address discipline based on a single alleged incident. Second, the problem here is not a technical deficiency in required notice, but the absence of notice. Finally, unlike the teacher in Krischer, Ms. Gardner sustained prejudice caused by the lack of notice because she lost the opportunity to request a hearing before the Board decided to discipline her.
It is undisputed that the Board did not give Ms. Gardner written notice of her right to seek administrative review and the time limits for requesting a hearing. Under these circumstances, the Board failed to provide Ms. Gardner with a point of entry into the administrative process before taking adverse action on her contract status. It follows that Ms. Gardner did not waive her right to request a formal hearing. We reverse the order under review, and we remand this case for further proceedings consistent with this opinion.
Reversed and remanded.
NORTHCUTT and BLACK, JJ., Concur.

. Section 231.36 was repealed effective January 7, 2003. Ch. 2002-387, §§ 1058, 1065, at 4152-53, Laws of Fla.