222 So.2d 803 (1969)
Michael CANNEY, Petitioner,
v.
The BOARD OF PUBLIC INSTRUCTION OF ALACHUA COUNTY, Florida, Respondent.
No. L-250.
District Court of Appeal of Florida. First District.
May 20, 1969.
Rehearing Denied June 5, 1969.
Lynn M. LoPucki and Richard J. Wilson, Gainesville, for petitioner.
Clayton, Duncan, Johnston, Clayton & Quincey, Gainesville, for respondent.
*804 RAWLS, Judge.
Respondent, Board of Public Instruction of Alachua County, has moved to dismiss petitioner's pleading entitled "Renewal of Petition for Writ of Certiorari to the Board of Public Instruction of Alachua County, Florida," upon the ground that the time for filing same from the School Board's decision of October 22, 1968, had expired. The motion is denied.
Our judicial system is now floundering in a quagmire of procedural uncertainties in the review of final quasi-judicial orders rendered by state agencies. The facts concerning the instant controversy disclosed in the two records before us constitute a classic example of the confusion in this area which places counsel challenging such an administrative action upon the horns of a dilemma. Such was the unchartered course of petitioner's counsel when he sought to remove his client from the impalement.
Petitioner, Michael Canney, was suspended by the Principal of the high school he was attending on October 10, 1968, and on the same date this action was confirmed by respondent School Board. A hearing was demanded and held on October 22, 1968. Upon failure to obtain relief, petition for writ of certiorari was filed in this Court on November 21, 1968. The respondent School Board moved to dismiss, asserting the ingenious argument that the petition "* * * was filed in this Court prematurely in that petitioner's appeal to the State Board of Education is now pending before that Board awaiting the Board's determination regarding whether or not it has jurisdiction of said appeal." Acting upon respondent's motion to dismiss, this Court entered its order on January 8, 1969, granting said motion to dismiss as follows:
"IT IS ORDERED that the motion be and it is hereby granted for the reason that the petition is prematurely brought prior to the exhaustion by petitioner for such administrative remedies as may be afforded him by law. This dismissal is without prejudice to the right of petitioner to renew his petition for writ of certiorari to review the final action of the State Board of Education after that Board has finally acted upon and disposed of the appeal now pending before it."
On January 21, 1969, the State Board of Education dismissed respondent's appeal upon the ground that it was "without jurisdiction." So, petitioner filed the instant petition for certiorari on February 13, 1969.
In Board of Public Instruction v. State ex rel. Allen[1] the Supreme Court held that a county school board is a part of the state system of public instruction and is a state agency within the purview of Section 120.09, Florida Statutes, F.S.A. (Administrative Procedure Act). This Court held in Board of Public Instruction of Duval County v. Sack[2] that if the administrative agency issuing the final quasi-judicial order is a state agency, such order shall be reviewable by certiorari by the District Courts of Appeal. Upon the authority of Allen, supra, we hold that a county school board is a state agency within the contemplation of Chapter 120, Florida Statutes, F.S.A., for the purpose of reviewing the final administrative quasi-judicial order.
Here, the County School Board promulgated the challenged regulation. No *805 question has been asserted directed to a conflict between the County School Board's regulation and any regulation of the State Board. The County School Board reviewed the local school Principal's action. The State School Board properly found that it was without jurisdiction.[3] We hold under these circumstances that if the County School Board rendered a final quasi-judicial order, jursdiction to review same is by statutory certiorari in this Court.
Respondent vigorously argues that the instant petition for certiorari has not been timely filed, and this Court is without jurisdiction to entertain same. Judicial review of quasi-judicial orders rendered by administrative agencies is essential to the fulfillment of constitutional rights possessed by the citizens of this State. As reflected in this opinion, members of the Bar find themselves bogged in a quagmire of uncertainty in seeking a true compass course for attaining appellate review of such orders. Here, counsel being uncertain as to the proper course, very wisely chose to travel both of the two routes available, with the apparent realization that one of them had to be right. In view of the related history of this long journey seeking appellate review, we sua sponte reinstate the petitioner's petition for certiorari filed November 21, 1968, bearing our Docket No. L-66, and consolidate same with the instant petition for certiorari filed February 13, 1969, bearing our Docket No. L-250.
Respondent's motion to dismiss is denied.
CARROLL, DONALD K., Acting C.J., and JOHNSON, J., concur.
NOTES
[1] Board of Public Instruction v. State ex rel. Allen, 219 So.2d 430 (Fla. 1969).
[2] Board of Public Instruction of Duval County v. Sack, 212 So.2d 819 (Fla.App. 1st 1968), wherein we held that the Duval County Civil Service Board was not a state agency.
[3] See Agner v. Smith, 167 So.2d 86 (Fla. App.1st 1964), which held that Section 229.061(16), Florida Statutes, F.S.A., granting the general authority "to adjust amicably and settle such controversies" did not grant to the State Board of Education the right to hear appeals from an order of the County Board cancelling a teacher's contract, but such right of appeal did exist by virtue of the clear unequivocal language contained in Section 231.36, Florida Statutes, F.S.A. We find no comparable statute relative to appeals from pupil-disciplinary orders rendered by a county school board or principal.