QUESTIONS: 1. Does s. 768.28, F.S., modify s. 234.03, F.S., to subject district school boards to the risk of liability for damages to pupils while passengers on school buses in the amount of $50,000 per pupil and $100,000 per occurrence and to authorize school boards to purchase insurance in the amount of $50,000 per pupil and $100,000 per occurrence? 2. Must a claimant comply with the procedures required by subsections (6) and (7) of s. 768.28, F.S., for presenting claims to and instituting actions against the district school boards if the district school board has insurance?
SUMMARY: Section 768.28, F.S., subjects a district school board to potential liability for money damages not to exceed $50,000 per person or $100,000 per occurrence for damages caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his employment under circumstances in which a private person would be liable. Pursuant to s. 234.03, F.S., a district school board must purchase insurance to cover the risk of personal injury to pupils transported in school buses up to $10,000 per pupil not to exceed $5,000 multiplied by the seating capacity of the bus for any one accident. School boards may, pursuant to s. 455.06, F.S., purchase insurance to cover potential liability in connection with the transportation of pupils on school buses owned or leased by the school board up to $50,000 per person or $100,000 per occurrence and in amounts in excess of those liability limits, if the school board so desires. Regardless of whether an insurance company is involved in the settlement of a claim or defense of a law suit, a claimant must follow the procedures of s. 768.28(6) and (7), F.S., as a condition precedent to bringing a law suit. AS TO QUESTION 1: Section 234.03, F.S., provides that school boards must maintain insurance covering injuries sustained by pupils while passengers in school buses. Insurance must be carried in the sum of $10,000 per pupil. The total for a single accident is limited to $5,000 multiplied by the seating capacity of the bus. Section 234.03(1). Section 234.03(4) then provides that, in consideration of the premium paid, the insurance company shall not be entitled to use the defense of governmental immunity in any suit brought against the insured school board, and the immunity of the school board is thus waived to the extent of insurance coverage. Section 768.28, F.S., as amended by Ch. 74-235, Laws of Florida, waives the immunity of the state and its agencies and subdivisions from tort liability to the extent specified in the act. District school systems are part of the state education system. Section 230.03(1), F.S. The school board is responsible for the district school system. Section 230.03(2), F.S. As part of the state education system, school boards are agencies of the state, see generally Board of Public Instruction of Broward County v. State, 219 So.2d 430 (Fla. 1969); Bragg v. Board of Public Instruction of Duval County, 36 So.2d 222 (Fla. 1948); Canney v. Board of Public Instruction of Alachua County, 222 So.2d 803 (1 D.C.A. Fla., 1969), and are consequently subject to the provisions of s. 768.28, F.S. Under s. 768.28, F.S., the state, its agencies and subdivisions (including school districts) are liable for torts committed by their employees while acting within the scope of their employment under circumstances in which a private person would be liable. Liability under this section is limited to $50,000 per person and $100,000 per incident. District school boards thus now are subjected to the risk of tort liability for damages to pupils and their property while passengers on school buses (as well as damages to any other persons or property) up to $50,000 per person or $100,000 per occurrence. This potential liability exists regardless of the extent of insurance coverage. As was noted in AGO 075-69, s. 768.28(11), F.S., expressly provides that "laws allowing the state or its agencies or subdivisions to buy insurance are still in force and effect and are not restricted in any way by the terms of this act." Thus, the authority and requirement to buy insurance pursuant to s. 234.03, F.S., remains in effect and is not changed by s. 768.28. Moreover, another statute, s. 455.06, F.S., authorizing a district school board to purchase insurance, remains in effect. Section 455.06(1) provides in pertinent part: 455.06 Liability insurance; authority of counties, state agencies and certain political subdivisions to purchase. — (1) The public officers in charge or governing bodies, as the case may be, of every county, district school board, . . . all hereinafter referred to as political subdivisions, which political subdivisions in the performance of their necessary functions own or lease and operate motor vehicles upon the public highways or elsewhere, are hereby authorized, in their discretion, to secure and provide for such respective political subdivisions, their agents and employees while acting within the scope of their employment, insurance to cover liability for damages on account of bodily or personal injury or death resulting therefrom, to any person, or to cover liability for damage to the property of any person or both, arising from or in connection with the operation of any such motor vehicles, . . . whether from accident or occurrence; . . . . Provided, that in those instances where, by general law, provision has been made for the public officer in charge or governing body of any such political subdivision to provide such insurance, this section shall not be construed to impair any such previous acts but be construed as cumulative thereto. It is my understanding that 66 school districts own their school buses and one district leases its buses; thus s. 455.06 would be applicable to authorize the purchase of insurance for all school districts in Florida. Reading ss. 234.03, 768.28, and 455.06, F.S., together, a district school board must purchase insurance pursuant to s. 234.03, F.S., in the amounts therein specified ($10,000 per pupil, not to exceed $5,000 times the seating capacity of the bus per accident) for the risks therein specified, and may purchase insurance pursuant to s. 455.06 for the same purpose to cover liability up to the limits of s. 768.28. Indeed, since s.768.28(11) specifically provides that laws allowing an agency to buy insurance are "not restricted in any way" by s. 768.28, a school district could elect to purchase insurance in amounts exceeding $50,000/$100,000, in which case, pursuant to s. 455.06(2), the insurance company would not be able to use the defense of governmental immunity in a suit brought against the school board to the extent of such insurance coverage. See AGO 075-69. I might note at this point that many school buses have a seating capacity of more than 20 pupils. Since s. 234.03, F.S., requires a school board to carry insurance in the amount of $10,000 per pupil, not to exceed $5,000 multiplied by the seating capacity of the bus for any one accident, the net effect of s. 234.03 will ordinarily be to require a school board to carry insurance covering potential liability per accident in excess of the limit of s. 768.28, F.S., which is $100,000 per incident. Thus, except for school buses with a seating capacity of less than 20 pupils, s. 234.03 will necessarily require a school board to have $100,000 or more of insurance per accident. A school board would nonetheless be exposed to potential liability for damage to a single pupil up to $50,000 by the operation of s. 768.28, but would have only $10,000 worth of insurance per pupil to partially cover that risk if a school board elected only to follow the mandates of s. 234.03. In sum, then, s. 768.28, F.S., does not conflict with or modify s. 234.03, F.S., but merely constitutes a general waiver of immunity from tort liability to the limits of $50,000/$100,000. Section 234.03 remains in effect to require the purchase of insurance for the purposes and in the amounts specified therein, and to the extent of such insurance coverage the insurer may not use sovereign immunity as a defense to a suit brought against the school board. Pursuant to s. 455.06, F.S., a school board may purchase insurance to cover all risks of liability created by s. 768.28 with respect to the operation of school buses. AS TO QUESTION 2: Your second question is answered in the affirmative. Section 768.28(6) and (7), F.S., provides:768.28 Waiver of sovereign immunity in tort actions; recovery limits; limitation on attorney fees; statute of limitations; exclusions. — (6) An action shall not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality, presents such claim in writing to the Department of Insurance, within 3 years after such claim accrues and the Department of Insurance or the appropriate agency denies the claim in writing. The failure of the Department of Insurance or the appropriate agency to make final disposition of a claim within 6 months after it is filed shall be deemed as a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted by counterclaim pursuant to s. 768.14. (Emphasis supplied.) (7) In actions brought pursuant to this section, process shall be served upon the head of the agency concerned and also, except as to a defendant municipality, upon the Department of Insurance, and the department or the agency concerned shall have 30 days within which to plead thereto. Section 768.28(12), F.S., provides: (12) Every claim against the state or one of its agencies or subdivisions for damages for a negligent or wrongful act or omission pursuant to this section shall be forever barred unless the civil action is commenced by filing a complaint in the court of appropriate jurisdiction within 4 years after such claim accrues. These sections thus establish a mandatory procedure which must be followed in every case as a condition precedent to any recovery of monetary damages in a tort suit. Subsection (6), supra, establishes as condition precedent to an "action" (law suit) "instituted on a claim" that "the claim" (an administrative demand for money damages) be presented in writing to the agency and also to the Department of Insurance within 3 years after such a claim accrues and the agency or Department of Insurance deny the claim in writing. In the event a law suit is brought, subsection (7), supra, requires that process be served upon both the head of the agency and the Department of Insurance. The requirements of subsections (6) and (7), supra, thus benefit the agency which is exposed to tort liability and provide an orderly procedure for obtaining notice of claims and for settlement in proper cases without litigation. These subsections are mandatory procedures for claimants to follow in order to have the right at some future point to bring a law suit should administrative settlement fail. The existence of insurance or the fact that an insurance company is involved in the administrative settlement of the claim or in the defense of a law suit against the agency does not affect the requirements of subsections (6) and (7).