390 So.2d 711 (1980)
Harry Merle KOEHLER, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION, Appellee.
No. 57500.
Supreme Court of Florida.
November 20, 1980.
Jonathan C. Green, Orlando, for appellant.
Salvatore A. Carpino, Tallahassee, for appellee.
BOYD, Justice.
This cause is before the Court on appeal from a judgment of the circuit court in Orange County which passed on the constitutionality of state statutes. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. (1972).
Appellant brought an action seeking a declaratory judgment and injunction against the Florida Real Estate Commission, which had initiated administrative proceedings seeking the suspension or revocation of his real estate salesman's license. He asserted that the administrative procedures that would be used by the commission in proceeding against him would deny him due process and equal protection under the United States and state constitutions and would violate the principle of separation of powers. On motion of the commission, the circuit court dismissed the complaint. Appellant contends that the judgment should be reversed, arguing that section 475.26, Florida Statutes (Supp. 1978), operates to deny him due process of law. The infirmity with the statute, appellant asserts, is that it provides for the commission, through its staff, to have investigative and prosecutorial functions as well as its final adjudicative function in disciplinary proceedings.
*712 In support of his contention, appellant cites Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), in which the Supreme Court made some general statements about prejudice in the adjudicatory process:
Concededly, a "fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 625, 99 L.Ed. 942 (1955). This applies to administrative agencies which adjudicate as well as to courts. Gibson v. Berryhill, 411 U.S. 564, 579, 93 S.Ct. 1689, 1698, 36 L.Ed.2d 488 (1973). Not only is a biased decisionmaker constitutionally unacceptable but "our system of law has always endeavored to prevent even the probability of unfairness." In re Murchison, supra, at 136, 75 S.Ct. [623] at 625, 99 L.Ed. 942; cf. Tumey v. Ohio, 273 U.S. 510, 532, 47 S.Ct. 437, 444, 71 L.Ed. 749, 50 A.L.R. 1243 (1927). In pursuit of this end, various situations have been identified in which experience teaches that the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable.
421 U.S. at 46-47, 95 S.Ct. at 1463-1464. Appellant seeks to distinguish the present case from Withrow v. Larkin, which upheld as constitutional the combination of investigative and adjudicative functions under Wisconsin's medical licensing procedures, and points to language saying,
That the combination of investigative and adjudicative functions does not, without more, constitute a due process violation does not, of course, preclude a court from determining from the special facts and circumstances present in the case before it that the risk of unfairness is intolerably high.
Id. at 58, 95 S.Ct. at 1470.
Appellant points out that under the commission's procedures that will be used against him there is no provision for the licensee to be present at a preliminary investigative hearing at which the accusations of complaining witnesses are heard. The Wisconsin statute at issue in Withrow provided for such presence, but such provision was not relied upon to any extent in rejecting the licensee's due process attack on the medical examining board's procedures. Under the Administrative Procedure Act, appellant will have the right to discover the information gained by the commission in its investigation "by any means available to the courts and in the manner provided in the Florida Rules of Civil Procedure." § 120.58(1)(b), Fla. Stat. (1979). Thus he will have the same opportunity to learn the basis of the charges against him as does a medical doctor under the Wisconsin statute at issue in Withrow.
Appellant further seeks to distinguish the Withrow procedures from those he will face before the commission by pointing out that under Wisconsin law, the examining board refers cases in which it believes revocation or criminal proceedings are warranted to the district prosecuting attorney, who brings such actions before a judicial tribunal. The roles of these independent prosecutorial and judicial officers were not the basis for the Court's decision in Withrow. At issue there was the examining board's authority, based on its own investigation and after an adversary hearing, to warn, reprimand, temporarily suspend, or institute criminal or revocation proceedings against, a medical doctor. Appellant argues, however, that his right to a formal hearing before a hearing officer from outside the real estate commission, section 120.57(1)(a), Florida Statutes (1979), does not cure the infirmity of having investigative, prosecutorial, and final adjudicative functions performed by the commission. In support of this contention, he asserts that the hearing officer's findings of fact and conclusions of law are recommendations only, which the commission may accept or disregard. This assertion is erroneous. The commission is bound by the hearing officer's findings of fact if they are based upon competent, substantial evidence. § 120.57(1)(b)(9), Fla. Stat. (1979). To reject or modify the facts as found by the hearing officer the agency board must state with particularity that the finding is not so supported. Id. The commission's statement to this effect becomes in turn a finding of fact *713 liable to be set aside on appeal if not supported by competent, substantial evidence. § 120.68(10), Fla. Stat. (1979).
In Withrow v. Larkin, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), the Court commented:
The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication ... must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented.
Id. at 47, 95 S.Ct. at 1464. The Court discussed a number of its own decisions in the administrative law field and concluded that "our cases, although they reflect the substance of the problem, offer no support for the bald proposition ... that agency members who participate in an investigation are disqualified from adjudicating. The incredible variety of administrative mechanisms in this country will not yield to any single organizing principle." Id. at 52, 95 S.Ct. at 1467. The "mere exposure to evidence" in the investigative phase of a proceeding, the Court said, is "insufficient in itself to impugn the fairness" of board members when they later sit in judgment. Id. at 55, 95 S.Ct. at 1468. See also Winslow v. Department of Professional and Occupational Regulation, 348 So.2d 352 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 716 (Fla. 1978).
For the reasons expressed in this opinion we affirm the judgment of the circuit court.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.