429 So.2d 1228 (1983)
Dr. Joyce REMSEN, Appellant,
v.
The UNIVERSITY OF FLORIDA, Appellee.
No. AK-481.
District Court of Appeal of Florida, First District.
March 15, 1983.
Rehearing Denied May 5, 1983.
Sandra Bieber, Gainesville, for appellant.
Judith S. Waldman, Isis Carbajal de Garcia, Ralph D. Grabel and Pamela J. Bernard, Gainesville, for appellee.
MILLS, Judge.
Dr. Remsen, a nontenured faculty member at the University of Florida, contends in this appeal that the final order of Dr. Robert Q. Marston, President of the University, which denied her request for tenure and promotion, violated her due process rights and her rights under Chapter 120, Florida Statutes (1981). We disagree and affirm.
After failing to obtain the support of both her department chairman and the College of Medicine Executive Committee in her bid for tenure on the faculty at the University, Remsen elected to have her cause heard before the University Senate Committee on Academic Freedom and Tenure (AFTC) pursuant to Rule 6C1-7.41(c), Florida Administrative Code. Under Rule 6C1-7.41(1), a faculty member at the University may elect to have a grievance heard: (a) pursuant to Section 120.57; (b) pursuant to Rule 6C1-7.42; or (c) before the AFTC. According to Rule 6C1-7.41(2), an election of one of these methods precludes recourse to the remaining alternatives.
*1229 The hearing before the AFTC took approximately 22 hours, and testimony was heard from 12 witnesses. The AFTC unanimously recommended that Remsen be granted tenure. The matter was then referred to Marston, who, after receiving advice from other committees and individuals, denied Remsen's request for tenure. In so doing, Marston stated that he did not believe that Remsen had met the University requirements for the awarding of tenure in the state university system; that is, she had not achieved a record of distinction in two of the three main areas of academic endeavor  teaching, research, and service. See Rule 6C1-7.19(3), Florida Administrative Code.
Remsen now contends that the University:
(1) violated her due process rights and her rights under Section 120.57(1)(b)9, Florida Statutes (1981), when it rejected the AFTC's findings of fact without finding that they were not supported by competent substantial evidence;
(2) violated Section 120.59(1)(b), Florida Statutes (1981), when it issued its order 119 days after the AFTC's recommended order;
(3) violated Section 120.59(2), Florida Statutes (1981), by failing to rule on several of her objections; and
(4) violated Section 120.66, Florida Statutes (1981), when President Marston received "ex parte" communications from the University's Academic Personnel Board before reaching his decision to deny tenure. Each of these contentions is without merit.
Rule 6C1-7.41(6), Florida Administrative Code, states that the president is not bound by the recommendation of the AFTC. Forcing the University to accept its recommendation would contravene the plain language of that rule. Moreover, Remsen may not now claim the benefits of a Section 120.57 hearing. She waived those rights by electing to proceed before the AFTC. See Rule 6C1-7.41(2), Florida Administrative Code. Consequently, the University is not bound by Sections 120.57(1)(b)9, 120.59(1)(b), 120.59(2), or 120.66.
Accordingly, the decision of the President of the University of Florida to deny Dr. Remsen's request for tenure is affirmed.
ERVIN, J., and AGNER, ROYCE (Associate Judge), concur.