538 So.2d 150 (1989)
Phyllis TAYLOR, Appellant,
v.
SCHOOL BOARD OF SEMINOLE COUNTY, FLORIDA, Appellee.
No. 88-446.
District Court of Appeal of Florida, Fifth District.
February 16, 1989.
Ronald G. Meyer of Meyer, Brooks and Cooper, P.A., Tallahassee, for appellant.
Ned N. Julian, Jr. of Stenstrom, McIntosh, Julian, Colbert, Whigham & Simmons, P.A., Sanford, for appellee.
DANIEL, Judge.
Appellant, Phyllis Taylor, has taken this appeal from the order entered by the School Board of Seminole County which dismissed Taylor's petition for a formal administrative hearing under section 120.57(1), Florida Statutes (1987). We reverse.
Phyllis Taylor was hired by the School Board of Seminole County as a technical aide for the 1987-1988 school year and was assigned to work in the Lake Mary Elementary School. On October 23, 1987, Taylor received a notice of termination from employment. Taylor filed a petition requesting that the School Board conduct a formal administrative hearing concerning this decision. The School Board denied Taylor's request and dismissed her petition.
Section 120.57(1) of the Administrative Procedure Act provides that a petitioning party is entitled to a formal administrative hearing whenever an agency has made a determination which concerns the substantial interest of the party and issues of material fact are in dispute. Tuckman v. Florida State University, 489 So.2d 133 (Fla. 1st DCA 1986). The School Board's decision to terminate employment certainly concerns Taylor's substantial interest and her petition demonstrates that material issues are in dispute as to the propriety of that decision. Taylor is therefore entitled to a formal hearing under the Administrative Procedure Act. Accordingly, the order of the School Board denying Taylor's request for a formal administrative hearing is reversed and this cause remanded for proceedings consistent with this opinion.
REVERSED and REMANDED.
SHARP, C.J., and DAUKSCH, J., concur.