617 So.2d 374 (1993)
James M. SUBLETT, Appellant,
v.
DISTRICT SCHOOL BOARD OF SUMTER COUNTY, Appellee.
No. 92-1726.
District Court of Appeal of Florida, Fifth District.
April 16, 1993.
*375 Mark Herdman of Kelly & McKee, P.A., Tampa, for appellant.
C. John Coniglio, P.A., Wildwood, for appellee.
PER CURIAM.
This is the appeal of a summary Final Judgment entered against appellant, James M. Sublett ("Sublett") and in favor of appellee, District School Board of Sumter County ("School Board"). The principal issue on appeal is whether Sublett was entitled to a section 120.57, Florida Statutes (1989) hearing to challenge his termination as a school board employee or whether he was limited to the procedure provided in the collective bargaining agreement which covered his position.
Sublett was employed by the School Board in the maintenance department of Lake Panasoffkee Elementary School from April, 1988 until he was terminated on October 17, 1989. The reason for Sublett's termination was that he had been criminally charged with sexual abuse of his daughter. The criminal charges were dismissed; however, the Superintendent of Schools for Sumter County ("Superintendent") had apparently been advised by an assistant state attorney that, in her opinion, Sublett was guilty despite the failure to prosecute.
On August 28, 1989, the Superintendent sent Sublett a letter advising he would recommend Sublett's termination at a hearing of the School Board to be held on September 5, 1989. The only additional information contained in this letter was the following:

*376 If you decide to challenge this recommendation, and the September 5, 1989 date does not give you adequate time to prepare a defense, contact my office at 793-2315 and request a postponement.[1]
Sublett's employment was covered by the collective bargaining agreement entered into by School Board and the Sumter County Essential Support Personnel Association. The pertinent portions of that agreement provided:
ARTICLE VII
EMPLOYEE RIGHTS
* * * * * *
B. Statutory Savings Clause.

Nothing contained herein shall be construed to deny or restrict to any employee such rights as he/she may have under Florida State Laws or other applicable laws or regulations. The rights granted to employees hereunder shall be deemed to be in addition to those provided elsewhere.
C. Just Cause Provision.

No employee shall be terminated nor disciplined without just cause. Any such action asserted by the Board, or any agent or representative thereof, shall be subject to the grievance procedure herein set forth.[2]
* * * * * *
E. When an employee is required to appear before any administrator, or supervisor, Board, or any committee or member thereof concerning any matter which could adversely affect the continuation of that employee's position, employment ..., the employee shall be given prior written notice of the reasons for such meeting or interview and shall be entitled to have a representative(s) of the Association present to advise and represent such employee during such meeting or interview.
* * * * * *
ARTICLE IX
EMPLOYMENT PROCEDURES
* * * * * *
B. Dismissal/Procedure

1. Dismissal procedures shall insure that the employee has the right of making an appeal to the Superintendent and the Board when terminated.
Sublett does not deny that he was afforded an opportunity to appear before the School Board and that the hearing had been twice postponed at his request so he could prepare for it. Ultimately, the proceeding was scheduled for October 17, 1989, but Sublett failed to attend and the School Board voted to terminate him, effective immediately. On the same day as this scheduled termination, however, Sublett, through counsel, requested a formal administrative hearing under section 120.57, Florida Statutes, by letter addressed to the School Board's counsel.
When no response was received to the request for hearing, two more such letters were sent.[3] When no response was received after several months to any of these letter requests, Sublett filed a complaint in Sumter County Circuit Court alleging that the termination violated his civil rights under *377 42 U.S.C. Section 1983. Both parties moved for summary judgment. After argument, the trial court entered summary judgment for the School Board concluding that the collective bargaining agreement waived Sublett's right to a section 120.57 hearing and that Sublett's failure to take advantage of his rights under the collective bargaining agreement was fatal to his claim. We reverse.
The case authorities cited by the School Board to support its argument that the existence of the contractual procedure contained in the collective bargaining agreement barred Sublett's right to an administrative hearing do not control in this instance. In both Bass v. Department of Transportation, 516 So.2d 972 (Fla. 1st DCA 1987) and Remsen v. University of Florida, 429 So.2d 1228 (Fla. 1st DCA 1983), the aggrieved employee was subject to an express waiver of one remedy by using another. In Public Employees Relations Commission v. District School Board of De Soto County, 374 So.2d 1005 (Fla. 2d DCA 1979), cert. denied, 383 So.2d 1193 (Fla. 1980), the court held that a public employee who has both contractual and statutory means available to redress a grievance may elect which avenue to pursue.
In the present case, the collective bargaining agreement expressly provides that no rights under Florida or other applicable laws are waived by becoming a party to the agreement. Moreover, the only procedure contained in the agreement is an employee's right to "appeal" to the Superintendent and the Board "when terminated". Sublett did not waive his right to a hearing under section 120.57 by failing to reject the "appeal" procedure or by not seeking a Chapter 120 formal hearing prior to October 17, 1989.
A county school board is a state agency falling within Chapter 120 for purposes of quasi-judicial administrative orders. Canney v. Board of Public Instruction of Alachua County, 222 So.2d 803, 804 (Fla. 1st DCA 1969). Sublett had a contractual property interest in his job because he could only be terminated for just cause. E.g., McCracken v. City of Chinook, 652 F. Supp. 1300 (D. Montana 1987). Under Florida law, a school board's decision to terminate an employee is one affecting the employee's substantial interests; therefore, the employee is entitled to a formal hearing under section 120.57(1) if material issues of fact are in dispute. See French v. School Board of Polk County, 568 So.2d 497 (Fla. 2d DCA 1990); Taylor v. School Board of Seminole County, 538 So.2d 150 (Fla. 5th DCA 1989). Certainly there were material issues of fact concerning whether there was just cause to discharge Sublett. Under these circumstances, appellee is not correct that appellant got "the process he was due". We conclude Sublett is entitled to relief and that the appropriate remedy based on the pleadings is to enter judgment in favor of Sublett ordering the School Board to afford Sublett a formal hearing before a hearing officer pursuant to Chapter 120 to determine whether he is subject to discharge from employment.
REVERSED and REMANDED.
DAUKSCH and GRIFFIN, JJ., concur.
HARRIS, J., concurs in result only with opinion.
HARRIS, Judge, concurring specially:
Although I would be willing to hold that by tacitly agreeing to the pretermination hearing (by not objecting and by twice requesting and receiving continuance in order to prepare for said hearing), Sublett waived the alternative (and duplicative) fact determining hearing provided by section 120.57, I find that the termination procedure employed by the Sumter County School Board not only is a denial of basic due process but also seems to fall short of meeting its contract obligations.
No formal allegations of conduct which would constitute "good cause" for termination were provided to Sublett. Further, no independent investigation of any allegations was conducted by school board personnel nor was any evidence of conduct justifying a "good cause" termination presented *378 to the school board before its decision to terminate was made.
It appears that Sublett was terminated, not because of bad conduct, but because he failed to attend a noticed hearing.
It is recommended that if the school board wishes to conduct its own hearings in these matters that it adopt formal rules and procedures that will guarantee due process.
NOTES
[1] It is unclear whether this event is the "appeal" referenced in Article IX(B) of the collective bargaining agreement. See text, infra. Although not stated, the School Board's brief infers the Superintendent's letter was "agency action that determined the substantial interests" of Sublett giving rise to the right to a hearing before the "final agency action" (to wit, the School Board meeting). If so, this procedure is in need of clarification. Certainly, at a minimum, the affected party is entitled to have the agency identify the procedure it intends to follow and give a "clear point of entry" into the process. See, e.g., Wahlquist v. School Board of Liberty County, 423 So.2d 471, 473 (Fla. 1st DCA 1982).
[2] The record on appeal does not contain any "grievance" procedure other than the provision in Article IX(B) quoted below.
[3] On these facts, we cannot credit the School Board's contention that Sublett lost his rights by failing to timely request a hearing or by failing to appeal the dismissal. Nor can Sublett's failure to file his request for hearing with the agency be fatal since Sublett was never advised of his right to an administrative hearing or the requisite procedure for entry into the administrative process. See Florida League of Cities, Inc. v. Administration Commission, 586 So.2d 397 (Fla. 1st DCA 1991).