664 So.2d 1178 (1995)
Patty Sue SUBLETT, etc., Appellant,
v.
SUMTER COUNTY SCHOOL BOARD, Appellee.
No. 94-2104.
District Court of Appeal of Florida, Fifth District.
December 29, 1995.
*1179 Mark Herdman, of Herdman & Sakellarides, P.A., Palm Harbor, for Appellant.
C. John Coniglio, P.A., Wildwood, for Appellee.
GRIFFIN, Judge.
Appellant, Patty Sue Sublett, as personal representative of the estate of James Sublett, seeks review of a final order of the Sumter County School Board ["School Board"] that rejected the recommended order of a DOAH[1] hearing officer which concluded that the School Board did not have the required "just cause" to discharge Sublett.[2]
In rejecting the recommended order of the hearing officer, the School Board made certain additional findings of fact and one conclusion of law, the effect of which was to support the School Board's position that it had "just cause" to discharge Sublett from his employment because the Board "reasonably believed," based on an interview with Sublett's daughter, that he had sexually abused her and because such serious allegations impaired Sublett's effectiveness as an employee. On appeal, the School Board relies only on the lack of a record of the administrative hearing as a basis for affirmance.[3] Appellant makes a facial challenge to the final order, however, and the absence of the transcript is not fatal.
We agree with the hearing officer that for the School Board to demonstrate just cause for termination, it must prove by a preponderance of the evidence, as required by law, that the allegations of sexual misconduct were true, not merely that the allegations were made.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] Division of Administrative Hearings.
[2] This case was previously before this court on the issue of appellant's entitlement to a formal hearing. Sublett v. District Sch. Bd., 617 So.2d 374 (Fla. 5th DCA 1993).
[3] During oral argument, counsel for the School Board instead argued that the School Board's decision should be upheld because it had offered some hearsay evidence of the misconduct through testimony about and tape recordings of various interviews with Sublett's daughter. The School Board advances no argument that such evidence would have been admissible over objection in a civil action, however. Rather, the argument appears to be that such hearsay standing alone should be sufficient in this type of case. But see § 120.58(1)(a), Fla. Stat. (1993).