PER CURIAM.
By separate order this court treated Jay Tieger’s petition for mandamus as a petition for review of a non-final agency action. He challenges the School Board of Palm Beach County’s (“School Board”) denial of his request for a formal administrative hearing regarding his termination from employment as a teacher at Western Pines Community Middle School.
Tieger alleges that his employment began on August 1, 1997; however, a school form indicates that his requested starting date was either August 3, 1997 or August 13, 1997. On January 9, 1998, Tieger received a letter from his principal notifying him that she was recommending his termination, effective January 15, 1998. No reason was provided for the recommendation; however, the letter referenced section 231.36, Florida Statutes (1997), and its provision that instructors employed after June 30,1997 could be terminated without cause during a ninety-seven day probationary period.
Tieger filed a petition for a formal administrative hearing before the School Board, pursuant to sections 120.569 and 120.57, Florida Statutes (1997), alleging that he worked beyond the ninety-seven day probationary period and that no just cause existed for his termination. On March 31, 1998, senior associate counsel to the School Board wrote a letter declining Tieger’s request for a formal hearing. Tieger petitions for review of the School Board’s denial.
Section 120.569(1), Florida Statutes, provides in part:
The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency.... Unless waived by all parties, § 120.57(1) applies whenever the proceeding involves a disputed issue of material fact.
Section 120.57, Florida Statutes, addresses the procedures for a hearing before the administrative law judge.[1]
“Under Florida law, a school board’s decision to terminate an employee is one affecting the employee’s substantial interests; therefore, the employee is entitled to a formal hearing under section 120.57(1) if material issues of fact are in dispute.” Sublett v. District Sch. Bd. of Sumter County, 617 So.2d 374, 377 (Fla. 5th DCA 1993). Here, factual issues are directly in dispute, particularly the critical issue of whether Tieger was within his ninety-seven day probationary period when he was terminated. Tieger alleges that he completed his probationary period, whereas the School Board maintains that Tieger’s termination was within the probationary period. Because a disputed issue of material fact exists as to whether Tieger was terminated within the probationary period, he is entitled to a formal administrative hear *174 ing. See Sublett, 617 So.2d at 377. Accordingly, we hold that Tieger is entitled to a formal administrative hearing regarding his termination, and we quash the School Board’s denial of his request for a hearing.
PETITION FOR REVIEW GRANTED.
DELL and FARMER, JJ., and GLICKSTEIN, HUGH S., Senior Judge, concur.

. We find no merit in the School Board's argument that petitioner failed to make a timely application for an administrative hearing pursuant to section 125.569(2)(a), Florida Statutes.