DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ALAN SEIDEN,**
Appellant,

v.

**FRANCES J. ADAMS, ED. D.,** as Superintendent of the **SCHOOL
DISTRICT OF INDIAN RIVER COUNTY, FLORIDA,**
Appellees.

No. 4D13-2250

[November 19, 2014]

Appeal from the School Board of Indian River County, Florida.

Thomas L. Johnson of Law Office of Thomas Johnson, P.A., Brandon,
and Peter M. King and William H. Jones of Canel, King & Jones, Chicago,
Illinois, for appellant.

Jason L. Odom of Gould, Cooksey, Fennell, P.A., Vero Beach, for
appellee.

GROSS, J.

Alan Seiden appeals a final administrative order of the School Board of
Indian River County terminating his employment as a teacher following a
hearing before the School Board. We write primarily to address Seiden's
due process attack on the hearing and conclude that no constitutional
violation occurred.

The School Superintendent delivered Seiden a letter charging him with
misconduct constituting "just cause" for his termination. The facts
underlying the charge concerned Seiden's response to the behavior of a
special needs student, which caused an escalation of the incident.

Seiden timely requested a hearing. The School Board elected to hold
the hearing itself pursuant to section 1012.33(6)(a)1., Florida Statutes
(2013),[1] instead of referring it to an administrative law judge. Seiden filed

---

[1]Section 1012.33(6)(a)1. provides as follows:

a motion to disqualify the School Board arguing: (1) he was teaching "out-of-field" and the School Board failed to notify parents or require him to gain certification; and (2) the School Board failed to report Seiden upon learning of the incident and therefore Seiden has a "well-grounded fear that the School Board will be focused on their own interest, thereby denying [him] the fair adjudicator to which he is entitled." The School Board denied Seiden's motion for disqualification.

The School Board held a public hearing where the Superintendent, represented by independent counsel, presented evidence supporting her recommendation for Seiden's termination. A different lawyer served as the School Board's attorney.

Seiden argues that comments made by School Board members fatally infected the hearing. At the conclusion of the hearing, Board member McCain stated that he did not feel qualified to conduct the hearing and mentioned that this case was "extremely personal" as he had a special needs child. He further mentioned that he wanted to recuse himself but was unable to:

> I just want to make a brief comment just because I think it would be fair to Mr. Seiden. Mr. Seiden, much like you, I did not want to be here today. When this came before the Board some time ago, I made several comments that I thought this should have . . . gone to a DOAH hearing. It shouldn't have

---

> Any member of the instructional staff . . . may be suspended or dismissed at any time during the term of the contract for just cause as provided in paragraph (1)(a). The district school board must notify the employee in writing whenever charges are made against the employee and may suspend such person without pay . . . . If the employee wishes to contest the charges, the employee must, within 15 days after receipt of the written notice, submit a written request for a hearing. Such hearing shall be conducted at the district school board's election in accordance with one of the following procedures:
>
> > 1. A direct hearing conducted by the district board within 60 days after receipt of the written appeal. The hearing shall be conducted in accordance with the provisions of ss. 120.569 and 120.57. A majority vote of the membership of the district school board shall be required to sustain the district school superintendent's recommendation. The determination of the district school board shall be final as to the sufficiency or insufficiency of the grounds for termination of employment . . . .

been with us.  The reason I said it back then was because I am wholly and totally not qualified to do this.  I believed that then, I believe that now.  I believe it should have gone to somebody who does this for a living and who understands how to weigh evidence.  One of the reasons I felt that way and always feel that way when it comes to, when there are issues such as this, I have a . . . my first reaction . . . is to, I will always bend over backwards to side for our classroom teachers . . . However, it's a little bit different in this case and I'll tell you why.  Without getting too deep, I have a ten-year-old daughter and that daughter's a special needs child.  This is extremely personal to me.  I would have loved to have recused myself from this, but I can't.  I have to sit here and make a vote.  And again, I'm sorry it came to this and I wish we all weren't here.

Seiden also points out that Board member Disney, in questioning a witness as to whether it was school policy to notify a parent of a problem with his or her child, stated:

What I'm getting at is I have a child who's had an EH IEP (individual education plan) for twelve years.  And my expectation would be that if my child had a certain level of disruption during the day, that that would provoke a call to me so I would know . . . when my child got home what the day was like.

Lastly, Board member Pegler also admitted that she had "personal experience with ESE."

Many of Seiden's complaints about the way the School Board conducted the hearing appear to fall under a constitutional due process attack.  Certainly, the hearing was not conducted in the same way as a judicial proceeding.  However, the legislature provided that the School Board could choose to conduct the hearing and the law does not hold an administrative proceeding conducted by elected officials to the same standards as one held in a court of law.

"'Under Florida law, a school board's decision to terminate an employee is one affecting the employee's substantial interests; therefore, the employee is entitled to a formal hearing under section 120.57(1) if material issues of fact are in dispute.'" *Tieger v. Sch. Bd. of Palm Beach Cnty.,* 717 So. 2d 172, 173 (Fla. 4th DCA 1998) (quoting *Sublett v. Dist. Sch. Bd. of Sumter Cnty.,* 617 So. 2d 374, 377 (Fla. 5th DCA 1993)).  In Florida, "[t]he

School Board is an agency for purposes of Florida's Administrative Act, chapter 120, Florida Statutes," *Schimenti v. Sch. Bd. of Hernando Cnty.,* 73 So. 3d 831, 833 (Fla. 5th DCA 2011) (citing *Witgenstein v. Sch. Bd.,* 347 So. 2d 1069, 1071 (Fla. 1st DCA 1977)), and can choose to conduct the hearing itself or refer the case to the Department of Administrative Hearings to appoint a hearing officer. *See* § 1012.33(6)(a)1.-2., Fla. Stat. (2013).

In this case, the School Board decided to conduct the hearing itself and thus was empowered "to prescribe rules and regulations for its administration, as well as to exercise quasi-judicial functions." *Cherry Commc'ns, Inc. v. Deason,* 652 So. 2d 803, 804 (Fla. 1995) (footnote omitted). Although the School Board was sitting in its quasi-judicial capacity by acting as the hearing officer, this "does not make the body into a judicial body." *Canney v. Bd. of Pub. Instruction of Alachua Cnty.,* 278 So. 2d 260, 263 (Fla. 1973). Its hearings are "of an informal character," *Krischer v. Sch. Bd. of Dade Cnty.,* 555 So. 2d 436, 437 (Fla. 3d DCA 1990) (quoting *Powell v. Bd. of Pub. Instr. of Levy Cnty.,* 229 So. 2d 308, 311 (Fla. 1st DCA 1969)), and are "not controlled by strict rules of evidence and procedure." *Carillon Cmty. Residential v. Seminole Cnty.,* 45 So. 3d 7, 10 (Fla. 5th DCA 2010) (citation omitted); *see also Sabates v. State of Fla. Dep't of Health,* 104 So. 3d 1227, 1228-1229 (Fla. 4th DCA 2012).

In such instances, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." *Schimenti,* 73 So. 3d at 833 (citing *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972)). Generally, due process requirements are met in a quasi-judicial proceeding "if the parties are provided notice of the hearing and an opportunity to be heard." *Jennings v. Dade Cnty.,* 589 So. 2d 1337, 1340 (Fla. 3d DCA 1991). The proceeding must be "essentially fair." *Carillon Cmty. Residential,* 45 So. 3d at 10.

A due process violation is not triggered by the fact that the School Board employed Seiden and the Superintendent investigated and evaluated his conduct. In *Koehler v. Florida Real Estate Commission,* 390 So. 2d 711, 711 (Fla. 1980), the Florida Supreme Court applied the due process analysis of *Withrow v. Larkin,* 421 U.S. 35 (1974), and held that a due process violation does not arise in an administrative disciplinary proceeding merely because an agency has "investigative and prosecutorial functions as well as its final adjudicative function." "Mere familiarity with the facts of a case gained by an agency in the performance of its statutory role does not" disqualify a Board member who later sits in judgment. *Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 493 (1976); *Koehler,* 390 So. 2d at 713. "Nor is a decisionmaker disqualified simply because he has taken a position, even in public, on a

policy issue related to the dispute, in the absence of a showing that he is not 'capable of judging a particular controversy fairly on the basis of its own circumstances.'" *Hortonville,* 426 U.S. at 493 (quoting *United States v. Morgan,* 313 U.S. 409, 421 (1941)).

Section 120.665, Florida Statutes (2013), sets the legal parameters for the Board members' participation in the hearing requested by an employee pursuant to section 1012.33(6)(a). That section provides that an individual "may be disqualified from serving in an agency proceeding for bias, prejudice, or interest when any party to the agency proceeding shows just cause by a suggestion filed within a reasonable period of time prior to the agency proceeding." § 120.665(1), Fla. Stat. (2013). As the First District has recognized, the "standards for disqualifying an agency head differ from the standards for disqualifying a judge" because "agency heads have significantly different functions and duties than do judges." *Bay Bank & Trust Co. v. Lewis,* 634 So. 2d 672, 679 (Fla. 1st DCA 1994). Under the statute, disqualification is required where "the facts alleged would prompt a reasonably prudent person to fear that they will not obtain a fair and impartial hearing." *Charlotte Cnty. v. IMC-Phosphates Co.,* 824 So. 2d 298, 300 (Fla. 1st DCA 2002). Put differently, the "test for disqualification has been succinctly stated as being whether 'a disinterested observer may conclude that the (agency) has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it.'" *Cinderella Career & Finishing Sch., Inc. v. Fed. Trade Comm'n,* 425 F.2d 583, 591 (D.C. Cir. 1970) (quoting *Gilligan, Will & Co. v. SEC,* 267 F.2d 461, 469 (2d Cir. 1959)). Given the "presumption of honesty and integrity in those serving as adjudicators," *Koehler,* 390 So. 2d at 713 (quoting *Withrow,* 421 U.S. at 47), the mere appearance of bias that might disqualify a judge will not require disqualification of Board members acting in an adjudicative capacity.

The grounds for recusal of the School Board urged in Seiden's motion to recuse did not allege the bias of any of the Board members. Seiden did not move to recuse any Board members for what was said at the hearing, so he failed to preserve the bias issue for appellate review. *See Allen v. State,* 137 So. 3d 946, 958 (Fla. 2013).

Even were we to reach the section 120.665 recusal issue, we do not find that type of egregious conduct identified by courts as requiring recusal; there was no prejudgment, personal, or pecuniary bias. The grounds of the motion for recusal, which derived from the employment relationship, were not the extreme conflict of interest that would disable the agency from evaluating the employee's conduct. Similar to any agency's familiarity with matters within its purview, the Board members' personal experience with special needs children did not rise to the level that requires

disqualification.  Like many elected officials in a public forum, the Board members were inclined to think out loud.  School Board procedures did not provide for secret deliberations like a jury in a court of law, and elected officials can be expected to explain their votes to deflect political pushback. Before the hearing, the Board did not issue a statement lauding the Superintendent's action, *see Charlotte Cnty.*, 824 So. 2d at 300, nor did the Board make a public statement which would lead a disinterested observer to conclude that it had prejudged the facts at issue in the adjudicatory proceeding.  *See Cinderella*, 425 F.2d at 589-90; *In re 1616 Second Ave. Restaurant, Inc. v. New York State Liquor Auth.,* 550 N.E.2d 910, 912 (N.Y. 1990).  Nothing in the members' statements belied a personal bias against Seiden or a pecuniary interest whereby a Board member stood to "gain or lose by a decision either way."  *Wash. State Med. Disciplinary Bd. v. Johnston,* 663 P.2d 457, 474 (Wash. 1983) (quoting *Ritter v. Bd. of Comm'rs,* 637 P.2d 940, 946 (Wash. 1981)).

Seiden also argues that the School Board was "demonstrably unqualified" to handle his hearing.  A thorough reading of the transcript reveals that the hearing was somewhat disorganized and the Board members were not well versed in the appropriate procedure.  However, the School Board was not required to strictly adhere to Florida rules of evidence and procedure, and the legislature has specifically authorized a hearing conducted before elected officials rather than judges with special training.  *See* §§ 120.569(2)(g), 120.57(1)(c), Fla. Stat. (2013).  "The extent of procedural due process afforded to a party in a quasi-judicial hearing is not as great as that afforded to a party in a full judicial hearing."  *Carillon Cmty. Residential*, 45 So. 3d at 10 (citation omitted).  Although not a model hearing, the hearing complied with due process in that it allowed Seiden a fair chance at challenging the reasons for his termination.

We have considered the other matters raised on appeal and find no reversible error.

*Affirmed.*

TAYLOR and GERBER, JJ., concur.

*         *         *

***Not final until disposition of timely filed motion for rehearing.***