DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JARVIS SMITH,

Appellant,

v.

THE SCHOOL BOARD OF HILLSBOROUGH COUNTY,

Appellee.

No. 2D2023-2315

_____

May 21, 2025

Appeal from the School Board of Hillsborough County.

Branden Vicari of Herdman & Vicari, P.A., Clearwater, for Appellant.

Kristen M. Fiore of Akerman, LLP, Tallahassee; and Phillip J. Harris and Emily C. Ayvazian, Akerman, LLP, Tampa, for Appellee.

KHOUZAM, Judge.

Jarvis Smith appeals the final administrative order entered by the School Board of Hillsborough County terminating his employment based on his arrest for child abuse of a student. Because the School Board relied almost entirely on inadmissible hearsay and denied Smith his due process right to confront the witnesses against him, we are constrained to reverse and remand for another hearing to be held.

Smith was employed as a teacher at Tampa Heights Elementary School. He was arrested by the Hillsborough County Sheriff's Office (HCSO) and charged with felony child abuse based on allegations that he picked up a first-grade student from his chair and slammed him down. The Child Protective Investigations Division of HCSO investigated the incident and closed its case with "verified findings for physical injury." The Hillsborough County Public Schools Professional Standards Department conducted an internal investigation and prepared a report that included summaries of witness interviews as well as photographs of the victim's injuries.

Concluding that Smith's behavior violated certain regulations and policies applicable to instructional staff, the Superintendent of Schools suspended Smith without pay and sought to terminate his employment. Smith requested a formal administrative hearing. At the hearing, the superintendent took the position, and the hearing officer agreed, that testimony from witnesses with personal knowledge of the incident was not required. The only witness that the superintendent presented was the Chief Human Capital Officer of the district, who admittedly had no personal knowledge of the incident or the investigation thereof. Instead, she read into the record statements from the detailed reports on the incident that had been prepared by the multiple investigating entities. Smith's hearsay objection to this testimony was overruled by the hearing officer based on the superintendent's argument that "it's not hearsay, it's not being offered for the truth of the matter asserted. It's being offered for the reason that the district moved the way it did." Relying on the contents of the reports, the School Board voted unanimously to terminate Smith's employment and issued the order now on appeal.

The crux of this case is whether the superintendent was required to prove the underlying allegations against Smith or instead could simply rely on reports regarding the incident—the contents of which were clear hearsay—without presenting witnesses with personal knowledge. We conclude that the superintendent was required to prove, by a preponderance of the evidence, not just that the underlying allegations were made but that they were true. Because the superintendent relied almost entirely on hearsay, he completely failed to prove that the allegations against Smith actually occurred. And by accepting the superintendent's improper evidence, the School Board denied Smith his due process right to confront the witnesses against him.

Florida teachers employed pursuant to a professional services contract have an established protected property interest in their continued employment with their school board. *See Schimenti v. Sch. Bd. of Hernando Cnty.*, 73 So. 3d 831, 832-33 (Fla. 5th DCA 2011). "Under Florida law, a school board's decision to terminate an employee is one affecting the employee's substantial interests; therefore, the employee is entitled to a formal hearing under section 120.57(1)[, Florida Statutes (2013),] if material issues of fact are in dispute." *Seiden v. Adams*, 150 So. 3d 1215, 1218 (Fla. 4th DCA 2014) (quoting *Tieger v. Sch. Bd. of Palm Beach Cnty.*, 717 So. 2d 172, 173 (Fla. 4th DCA 1998)).

It is true that such hearings are "of an informal character" and are "not controlled by strict rules of evidence and procedure." *Id.* at 1219 (first quoting *Krischer v. Sch. Bd. of Dade Cnty.,* 555 So. 2d 436, 437 (Fla. 3d DCA 1990), and then quoting *Carillon Cmty. Residential v. Seminole County,* 45 So. 3d 7, 10 (Fla. 5th DCA 2010)). However, there are particular requirements for such hearings, as set forth in section 120.57(1), Florida Statutes (2022), in relevant part:

(b) All parties shall have an opportunity to respond, to present evidence and argument on all issues involved, to conduct cross-examination and submit rebuttal evidence . . . .

(c) Hearsay evidence may be used for the purpose of supplementing or explaining other evidence, but it shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.

. . . .

(j) Findings of fact shall be based upon a preponderance of the evidence, . . . and shall be based exclusively on the evidence of record and on matters officially recognized.

(k) The presiding officer shall complete and submit to the agency and all parties a recommended order consisting of findings of fact, conclusions of law, and recommended disposition or penalty, if applicable, and any other information required by law to be contained in the final order. All proceedings conducted under this subsection shall be de novo.

"The School Board bears the burden of proving, by a preponderance of the evidence, each element of the charged offense which may warrant dismissal." *McNeill v. Pinellas Cnty. Sch. Bd.*, 678 So. 2d 476, 477 (Fla. 2d DCA 1996). This necessarily includes the underlying allegations against the employee. *See Sublett v. Sumter Cnty. Sch. Bd.*, 664 So. 2d 1178, 1179 (Fla. 5th DCA 1995) ("We agree with the hearing officer that for the School Board to demonstrate just cause for termination, it must prove by a preponderance of the evidence, as required by law, that the allegations of sexual misconduct were true, not merely that the allegations were made."). To the extent that the School Board considered the content of the reports for their truth, it was inadmissible hearsay and was insufficient by itself to support the School Board's decision. *See* 90.801(1)(c), Fla. Stat. (2022) (defining "[h]earsay" as "a statement, other

4

than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted").

Here, despite this settled law, the superintendent took the position that testimony from witnesses with personal knowledge of the incident was not required. Instead of presenting witnesses with personal knowledge of the incident, the superintendent chose to rely almost entirely on hearsay statements contained in the reports that were read into the record by the superintendent's only witness, who admittedly had never even observed Smith interact with a student. Under these circumstances, the superintendent completely failed to carry his burden to prove that the underlying allegations against Smith actually occurred.

This failure, moreover, denied Smith his due process right to confront the witnesses against him because, even though a hearing was held, Smith was not able to confront any witnesses with personal knowledge of the incident. *Cf. Grice v. City of Kissimmee*, 697 So. 2d 186, 191 (Fla. 5th DCA 1997) ("We find that [police officer] MacPherson was indeed denied procedural due process of law when his termination was based on the testimony of a complainant whose testimony he disputed, and he was not accorded the opportunity to confront and cross-examine her. . . . We are not here determining whether MacPherson's termination was justified or not. . . . We are only concerned that the City's procedures meet all due process requirements."); *see also Park v. City of W. Melbourne*, 769 So. 2d 397, 398 (Fla. 5th DCA 2000) (following *Grice*). Instead, the School Board improperly relied almost entirely on the hearsay contents of the reports in making its decision to terminate Smith's employment.

Accordingly, on the record before us, we are constrained to reverse and remand for another hearing before the School Board, to be

5

conducted with appropriate due process safeguards. *See* § 120.68(7)(b) (contemplating remand for further proceedings where appropriate when the "agency's action depends on any finding of fact that is not supported by competent, substantial evidence in the record").

Reversed and remanded with instructions.


LaROSE, J., Concurs.
MOE, J., Concurs in result only.

_____


Opinion subject to revision prior to official publication.